### GELDER v. INTERNATIONAL ORE TREATING CO.

(Supreme Court, Appellate Division, First Department. January 19, 1912.)

1. APPEAL AND ERROR (§ 15\*)—ORDERS APPEALABLE.

    Under Code Civ. Proc. §§ 1347, 1351, authorizing an appeal from an order granting or refusing a new trial when taken within 30 days after service on the attorney for appellant of a copy of the order and a written notice of the entry thereof, an appeal may be taken from an order denying a new trial in an action triable by jury, though a judgment has been rendered and appeal taken therefrom.

    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 15.\*]

2. APPEAL AND ERROR (§ 564\*)—APPEAL FROM ORDERS—PROPOSED CASE—SERVICE.

    Under Code Civ. Proc. §§ 999, 1347, 1351, providing that, where an appeal is taken from an order on a motion for new trial, it must be heard on a case prepared and settled in the usual manner and authorizing appeals from orders, if taken within 30 days after service of a copy of the order and a written notice of its entry, a defendant has an absolute right to appeal from an order denying a new trial, and, where plaintiff failed to cause the order to be entered and a copy served, defendant could

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cause the order to be entered and serve a notice of appeal from the order, and, where he served a proposed case on appeal within 15 days after service of notice of appeal, the proposed case was ' served in time, and plaintiff must accept service thereof, notwithstanding General Rules of Practice 32, providing that, when it shall be necessary to make a case, the same shall be made and a copy served within a specified time, since the rule cannot render nugatory an appeal which a party has an absolute right to take.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 564.*]

Appeal from Special Term, New York County.

Action by Barney Gelder against the International Ore Treating Company. From an order denying a motion to compel the attorney for plaintiff to accept defendant's proposed case on appeal, it appeals. Reversed, and motion granted.

See, also, 133 N. Y. Supp. 1122.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Louis Cohn, for appellant.
Jules H. Baer, for respondent.

MILLER, J.   On the trial of this action the jury found a verdict for the plaintiff.   Thereupon defendant moved to set it aside and for a new trial, pursuant to section 999 of the Code of Civil Procedure. The trial justice reserved decision with the statement that he would announce the decision from the bench the following morning, at which time a decision denying the motion was announced.   Plaintiff caused a judgment to be entered and notice thereof to be served on defendant's attorney.   The defendant appealed from the judgment, but neglected to make and serve a case within the time allowed; whereupon a motion was made resulting in an order determining that defendant had waived the right to serve a proposed case on appeal from the judgment.   Thereafter the defendant caused an order denying the motion for a new trial to be entered, served a notice of appeal from the order, and, within 15 days thereafter, served the proposed case on appeal.

[1] Section 1347 of the Code of Civil Procedure provides that an appeal may be taken from an order made at Special Term or Trial Term of the Supreme Court "where it grants or refuses a new trial." Section 1351 provides:

"An appeal, authorized by this title, must be taken, within thirty days after service, upon the attorney for the appellant, of a copy of the judgment or order appealed from, and a written notice of the entry thereof."

An appeal may be taken from an order denying a motion for a new trial in an action triable by a jury irrespective of whether a judgment has been entered (Voisin v. C. M. Insurance Company, 123 N. Y. 120, 25 N. E. 325, 9 L. R. A. 612), or whether an appeal has been taken from the judgment in case one is entered (Callahan v. Munson Steamship Line, 141 App. Div. 791, 126 N. Y. Supp. 538).

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] Section 999 of the Code of Civil Procedure provides:

"If an appeal is taken from the order, made upon the motion (i. e., the motion for a new trial), it must be heard upon a case prepared and settled in the usual manner."

It would seem plain, therefore, that the defendant had an absolute right to appeal from the order, that the proposed case was seasonably served, and that, if the plaintiff wished to limit the defendant's time, he should have caused the order to be entered and a copy with notice of entry to be served on the defendant's attorney.

The learned justice in Special Term appears to have been of the opinion that the order determining that defendant had waived the right to serve a proposed case on appeal was conclusive, but that order only related to the appeal from the judgment. The respondent relies on rule 32 of the General Rules of Practice, which, so far as applicable, provides:

"Whenever it shall be necessary to make a case, or a case and exceptions, or a case containing exceptions, the same shall be made, and a copy thereof served on the opposite party within the following times: * * * If the trial were before a jury, within thirty days after notice of the decision of a motion for a new trial, if such motion be made and be not decided at the time of the trial, or within thirty days after service of a copy of the judgment and notice of its entry."

Assuming, without deciding, that the motion in this case was decided at the time of the trial, it seems plain that that rule cannot be so construed as to render nugatory an appeal which a party has an absolute right to take.

· The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.