VIRGINIA A. KURAJEAN, Appellant, v. THOMAS E. MURRAY, as Receiver of the INTERBOROUGH RAPID TRANSIT COMPANY, Respondent.— After trial of an action brought to recover damages for personal injuries alleged to have been sustained by reason of the defendant's negligence, the jury rendered a general verdict of $1,000 for plaintiff, which verdict the trial court set aside and, in accordance with defendant's motion, granted a new trial. Although no reservation of the determination of defendant's motion at the close of all the evidence for direction of a verdict had been made, the trial court then granted a further motion of the defendant for direction of a verdict. This appeal is from a separate order made at the same term denying plaintiff's motion to vacate the direction of a verdict for defendant and to place the case back on the general calendar for trial. Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Assuming, as respondent contends, that this motion is to be treated as an order denying a motion for a new trial, we are of opinion that it is appealable as it is a separate order. (Civ. Prac. Act, § 549; *Gelder* v. *International Ore Treating Co.,* 148 App. Div. 637; *MacReynolds* v. *Coney Island & Brooklyn R. R. Co.,* 170 id. 314.) The printing of the case on appeal was dispensed with and permission to proceed on an abridged record was granted by previous order of this court. In any event, the direction of a verdict under such circumstances was beyond the power of the court and a nullity. Despite the direction, therefore, the appellant was entitled to have the case replaced on the trial calendar, and denial of the motion to do so affected a substantial right. (Civ. Prac. Act, § 609, subd. 4.) Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

OPAL MEARNS, Respondent, v. WILLIAM R. MEARNS, Appellant.— Order directing that commissions issue to take the testimony upon interrogatories of certain witnesses residing in foreign jurisdictions affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

THOMAS MURPHY, Respondent, v. STEPHEN CASELLA, Individually and as Executor and Trustee of the Estate of DOMENICO CASSELLA, Also Known as DOMINICO CASELLA, Appellant.— Action for breach of contract and for damages for misrepresentation. Order denying defendant's motion for an order of preclusion affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MURRAY COHEN, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting defendant of violating section 973 of the Penal Law (keeping a gaming and betting establishment), unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM HOLLAND, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting defendant of violating section 973 of the Penal Law (keeping a gaming and betting establishment), unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.