■ MICHAEL RAKICH et al., Respondents-Appellants, v JACKSON J. LAWES, Appellant-Respondent, and GUY BENNETT'S BUICK CORPORATION, Respondent.—Mahoney, J. (1) Appeal from a judgment of the Supreme Court (Swartwood, J.), entered February 7, 1991 in Chemung County, upon a verdict rendered in favor of plaintiffs, and (2) cross appeals from an order of said court, entered March 11, 1991 in Chemung County, which partially granted plaintiffs' motion to set aside the verdict with respect to the amount of damages sustained by plaintiff Michael Rakich, and granted a new trial on that issue.

In this personal injury action arising out of a collision at or near the point where Golf Course Road intersects with Halderman Hollow Road in the Town of Horseheads, Chemung

County, when a vehicle operated by defendant Jackson Lawes and owned by defendant Guy Bennett's Buick Corporation collided with plaintiff Michael Rakich (hereinafter plaintiff), a pedestrian, the issues on appeal concern the soundness of the jury's verdict as to liability and damages. A review of the trial record reveals that while the issue of liability was hotly contested—plaintiff claiming that the collision was due to excessive speed and inattention of Lawes and defendants asserting that plaintiff walked into the path of the vehicle while attempting to cross Halderman Hollow Road—plaintiff's injuries were uncontroverted. Most notably, he sustained a dislocation of the left shoulder, multiple fractures in the right lower leg and ankle areas, multiple rib fractures, a punctured left lung and a torn ligament in the left knee. He was hospitalized for one month, a period of which was in the intensive care unit, and convalesced at home for approximately two years thereafter. According to the uncontradicted testimony of his treating physician, he suffers from, among other things, a resultant permanent deformity of the right leg rendering it two centimeters shorter than the left, a 50% loss of motion in the right ankle, a flexion contracture of the knee and mild postinjury arthritic changes in the affected joint areas. At the conclusion of the evidence, the jury apportioned liability 20% to Lawes and 80% to plaintiff. Damages were assessed at $30,000 representing pain, suffering and disability to date. No future damages were awarded. In addition, the jury awarded no damages on the consortium claim interposed by plaintiff's wife.

Following rendition of the verdict, plaintiffs moved to set it aside, both as to liability and damages on grounds, *inter alia,* that the verdict was against the weight of the evidence and the damages awarded were inadequate. Supreme Court granted the motion in part only, setting aside the damages award on plaintiff's claim and ordering a new trial on that issue alone. Lawes appeals. Plaintiffs cross-appeal from that part of the order denying the balance of the relief sought and from the judgment previously entered upon the jury verdict.*

---

* We note at this juncture that because plaintiffs' appeal from the judgment was filed after expiration of the 30-day period set forth in CPLR 5513 (a), it is untimely. However, contrary to the parties' suggestions, failure to timely appeal from this judgment does not preclude appellate review of the order. CPLR 5701 (a) (2) (iii) expressly recognizes the availability of an appeal as of right from an order granting or denying a postverdict motion for a new trial. This right is absolute and exists regardless of whether a judgment on the verdict has been entered and regardless of whether an

Initially, we find no error in Supreme Court's upholding the jury's apportionment of liability on plaintiff's claim and in its denial of a new trial based upon certain claimed errors. A review of the trial record, which is replete with evidence that plaintiff was some distance into the road at the time of the accident and contains testimony of an admission made by plaintiff at the accident scene that he did not look in either direction before crossing the road, did not see Lawes' vehicle and walked into its path, belies any argument that apportionment of liability 80% to plaintiff was against the weight of the evidence. Nor do we perceive any error in the court's refusal to charge the jury on the particulars of Vehicle and Traffic Law § 1151 which requires vehicles to yield to pedestrians within a crosswalk. It is clear that the subject intersection contained no crosswalks, marked or unmarked as those terms are defined in Vehicle and Traffic Law § 110. Finally, even assuming, arguendo, that it was error for Supreme Court to preclude the testimony of one of plaintiffs' witnesses as a sanction for their nondisclosure of her identity or her statement to defendants during discovery, upon review of the entire trial record and the postaccident statement given by the precluded witness, we are convinced that any error in this regard was harmless (see, CPLR 2002).

We likewise perceive no error in Supreme Court's setting aside the damages award on plaintiff's claim. Considering the relatively low award for plaintiff's past pain and suffering in light of the serious nature of the injuries sustained, the prolonged period of hospitalization and subsequent convalescence period, accompanied by the jury's failure to award *any* damages for future pain, suffering and disability notwithstanding the presence of uncontradicted evidence of permanent deformity, pathophysiology and loss of use, Supreme Court's determination that the award was inadequate was a reasonable exercise of its discretionary powers (cf., *Nautel v Crates,* 173 AD2d 936). However, we do believe that Supreme Court erred in failing to set aside the jury verdict awarding no damages on the consortium claim. While plaintiffs concededly carried on a long-distance marriage, being together for only a total of two or three months a year, the uncontradicted evidence established the existence of a valid and continuing marriage and the presence of the elements of affection, com-

appeal has been filed from that judgment (see, *Gelder v International Ore Treating Co.,* 148 App Div 637; *Callahan v Munson S. S. Line,* 141 App Div 791; 10 Carmody-Wait 2d, NY Prac § 70:42, at 64).

panionship, society and solace and the loss thereof which form the basis of a consortium claim *(see, Millington v Southeastern El. Co.,* 22 NY2d 498).

Rather than unconditionally remitting this matter for a new trial on these two latter issues, however, in the interest of judicial economy we exercise our discretion, as is our prerogative, to modify the order and grant a new trial on the issue of plaintiff's damages and damages on the consortium claim only unless the parties stipulate to increase the verdict to $100,000 on plaintiff's claim and to $5,000 on the derivative claim, in which event judgment is to be entered accordingly *(see, O'Connor v Papertsian,* 309 NY 465).

We have reviewed the parties' remaining contentions and find them to be without merit.

Levine, J. P., Mercure, Casey and Harvey, JJ., concur. Ordered that the appeal from the judgment is dismissed, without costs. Ordered that the order is modified, on the law and the facts, by reversing so much thereof as denied plaintiffs' motion as to the derivative claim of plaintiff Louise Rakich, and a new trial granted on the issue of plaintiffs' damages only, unless, within 20 days after service of a copy of the order herein, the parties shall stipulate (1) to increase the award for plaintiff Michael Rakich's pain, suffering and disability to $100,000, reduced to $20,000 to reflect the jury's determination of the extent of said plaintiff's damages caused by his contributory fault, and (2) to increase the award on the derivative claim of plaintiff Louise Rakich to $5,000, reduced to $1,000 to reflect the percentage of plaintiff Michael Rakich's contributory fault, in which event a judgment to that effect is to be entered accordingly, without costs.