■ Roxanne Lowit, Respondent, v Consolidated Edison Company of New York, Inc., Appellant. [650 NYS2d 152] —Judgment, Supreme Court, New York County (Penny Wolfgang, J., and a jury), entered September 28, 1995, in favor of plaintiff in the principal amount of $134,617, and bringing up for review an order, same court (Norman Ryp, J.), entered August 11, 1995, which denied defendant's motion for a collateral source hearing and a collateral source credit, unanimously modified, on the law, to grant defendant a collateral source credit of $30,750, reduce the principal amount of the judgment accordingly, and remand the matter for resettlement of the judgment, and otherwise affirmed, without costs.

The weight of the evidence supports the jury's findings that 49 slides were lost as a result of the natural gas explosion, and that each had a value of $1,500. Defendant's argument for a lower value is based largely on the erroneous assumption that the slides would only have been sold one more additional time at the same rate they were sold the first time. The slides are concededly unique, and the $1,500 valuation comports with plaintiff's earning potential as a renowned fashion photographer (*cf., Alen MacWeeney, Inc. v Esquire Assocs.*, 176 AD2d 217, *lv dismissed* 79 NY2d 105). The evidence also supports the awards for damaged or destroyed artwork. However, the award should have been reduced by $30,750, concededly received by plaintiff as an insurance payment for a portion of the same economic loss awarded as damages at trial (CPLR 4545 [c]). Neither plaintiff's insurance policy nor the subrogation receipt she signed gives her insurer a lien on the proceeds or otherwise entitles it to an assignment of her recovery, as opposed to her

"rights of recovery". It is undisputed that the Statute of Limitations has run on the insurer's right to sue in subrogation. We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Ellerin, Nardelli and Mazzarelli, JJ.