■ SHIRO WATANABE, Appellant, v MINGMAR SHERPA et al., Respondents, et al., Defendants. [844 NYS2d 27]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered May 17, 2006, which, to the extent appealed from, denied plaintiff's motion for a new trial asserting the jury verdict was against the weight of the evidence, unanimously modified, on the facts, a new trial directed on damages for future pain and suffering only, and otherwise affirmed, without costs, unless defendant Sherpa stipulates to increase said award, before apportionment, to $300,000.

Plaintiff was standing in a Manhattan street on Third Avenue near the intersection of 55th Street at about 2:30 in the morning, talking to defendant Rabbani, a taxicab driver, when he was struck by another taxicab driven by defendant Sherpa. The record indicates that plaintiff had been drinking prior to the incident.

Plaintiff was able to testify about his state of mind and the nature of the accident, and was not prejudiced by the court's bifurcation of the trial (*see Fetterman v Evans*, 204 AD2d 888, 890 [1994]). His injuries were neither probative of how the incident occurred nor so intertwined with the damages as to require a unified trial (*see Berthoumieux v We Try Harder*, 170 AD2d 248 [1991]).

The jury's verdict apportioning liability 80% to plaintiff and 20% to Sherpa was not against the weight of the evidence (CPLR 4404 [a]), given that plaintiff admitted he had been drinking and was standing in the street without looking at oncoming traffic; Sherpa testified that plaintiff suddenly moved into his

lane of traffic just before impact (*see Rakich v Lawes*, 186 AD2d 932 [1992]).

The award of $150,000 for past pain and suffering over a two-year period was reasonable, given that plaintiff, who sustained a fractured tibia, had to have only one surgery requiring a hospital stay of only six days (*compare Orellano v 29 E. 37th St. Realty Corp.*, 4 AD3d 247 [2004], *lv denied* 4 NY3d 702 [2004], *with Toribio v J.D. Posillico, Inc.*, 297 AD2d 216 [2002]). However, the award of $100,000 for future pain and suffering for a 41.7-year life expectancy deviated materially from what is reasonable compensation under the circumstances, and should be increased as indicated, given the uncontroverted testimony that plaintiff's injuries are permanent and he suffers ongoing pain, that he is likely to develop degenerative arthritis that could possibly require knee replacement surgery, that a future operation to remove the rod and screws is recommended, and that his injury resulted in atrophy of the left thigh, laxity in the ligaments, and limitation of his physical activities (*see Vasquez v City of New York*, 298 AD2d 187 [2002]).

We have considered Sherpa's remaining arguments and find them without merit. Concur—Lippman, P.J., Andrias, Williams, Buckley and Malone, JJ.