CECILE CAMPBELL PRYCE et al., Respondents, v VICTOR GILCHRIST et al., Respondents, and CECILIA MICHELLE ASHMEADE et al., Appellants. [857 NYS2d 528]—

Judgment, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered September 5, 2006, in an action for personal injuries sustained when a vehicle owned and operated by defendants-appellants, in which plaintiff was a passenger, crossed over a double yellow line into oncoming traffic, inter alia, awarding plaintiff, after a jury trial, prestructured damages of, inter alia, $500,000 for future pain and suffering, $1,500,000 for future lost earnings, and $229,760 for past medical expenses after reductions for collateral source payments totaling $146,524, unanimously modified, on the law, to reduce the collateral source reduction to $50,000, the matter remanded for resettlement of the judgment, and otherwise affirmed, without costs.

Under no reasonable view of the evidence was appellants' vehicle confronted with an emergency when, as they claim, their vehicle was hit in the rear by an unidentified vehicle. Even ap-

pellants' own expert did not find any impact damage to the rear of their vehicle (*cf. Kizis v Nehring*, 27 AD3d 1106 [2006]). Appellants' argument that the trial court improperly limited the rebuttal testimony of a codefendant's expert is unpreserved (*see Inwood Sec. Alarm, Inc. v 606 Rest., Inc.*, 35 AD3d 194 [2006]). In any event, the matters that would have been raised in the proposed rebuttal relating to a codefendant's video could have been brought out on cross-examination of the codefendant's expert as well as on direct examination of appellants' own expert, who was called after the video had been admitted into evidence (*see Rosseland v Hospital of Albert Einstein Coll. of Medicine*, 158 AD2d 409 [1990]; *compare Vinci v Ford Motor Co.*, 45 AD3d 335 [2007]). Appellant driver was properly questioned concerning her prior accident as the intent of the questioning was to impeach her credibility with regard to her assertion that she had no trouble operating the vehicle she was driving (*see Feldsberg v Nitschke*, 49 NY2d 636, 643 [1980]).

The weight of the evidence supports a finding that plaintiff's cognitive and other disabilities permanently prevent her from future employment, and the award for future lost earnings, based on the testimony of plaintiff's economist, does not deviate from what would be reasonable compensation (*see Tassone v Mid-Valley Oil Co.*, 5 AD3d 931, 932 [2004], *lv denied* 3 NY3d 608 [2004]). The $500,000 award for future pain and suffering also does not deviate from what would be reasonable compensation. Plaintiff, 31 years old at the time of the verdict, sustained permanent, painful injuries to her pelvic bone, will experience a lifetime of being unable to sit, bend, squat, climb stairs without pain, or walk with a normal gait, has three permanent scars, and permanent cognitive disabilities (*cf. Watanabe v Sherpa*, 44 AD3d 519, 520 [2007]). Appellants did not carry their burden of showing that plaintiff's hospital bills were paid by a collateral source (*see Oden v Chemung County Indus. Dev. Agency*, 87 NY2d 81, 89 [1995]). The trial court erred in reducing the award by $96,524 for a Department of Social Services Medicaid lien in that amount (CPLR 4545 [c]), and we accordingly modify to limit the collateral source offset to the $50,000 paid for basic economic loss. We have considered appellants' other arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Moskowitz and Acosta, JJ.