[891 NYS2d 896]

DERIK GRIFFIN et al., Plaintiffs, v RICHARD A. YONKERS et al., Defendants.

Supreme Court, Bronx County, December 21, 2009

## APPEARANCES OF COUNSEL

*Picciano & Scahill*, *P.C.*, Westbury (*Timothy F. X. Jones* of counsel), for Richard A. Yonkers, defendant. *Daniel P. Butta-*

*fuoco & Associates, P.L.L.C.*, Woodbury (*James S. McCarthy* of counsel), for plaintiffs.

### OPINION OF THE COURT

LUCINDO SUAREZ, J.

Review of defendant Richard A. Yonkers's motion pursuant to CPLR 4545 (c)[1] for a collateral source setoff with respect to the jury verdict concerning loss of earnings and medical expenses; and same defendant's order to show cause to stay entry of the judgment pursuant to CPLR 2201 until defendant's motion pursuant to CPLR 4545 (c) for a collateral source hearing is determined.

The issue in these motions to stay enforcement of the judgment until a collateral source hearing is held is whether the court is precluded from conducting such a hearing where the parties have agreed to waive any motions for directed verdicts or to set aside the verdict pursuant to the summary jury trial rules and procedures of the Twelfth Judicial District. This court holds it is not so prevented, as such a motion is not addressed to the validity or sufficiency of the substantive evidence and proof adduced at trial, but to the quantum of compensation pursuant to the verdict; and upon consideration denies the application as defendant has not demonstrated that the relevant portion of the jury's verdict will, with reasonable certainty, be replaced or indemnified from any collateral source.

The underlying action arises from an automobile accident where plaintiff claims various injuries. The attorneys stipulated to a summary jury trial.

A summary jury trial is a voluntary, innovative and streamlined form of alternative dispute resolution that combines the flexibility and cost-effectiveness of arbitration with the structure of a conventional trial. The primary mission of New York's Summary Jury Trial Program is to give cost-conscious litigants a reliable, trial-tested option guaranteed to resolve civil cases fairly, quickly and economically by one-day jury trials. Jury selection is abbreviated, each litigant may offer documentary, demonstrative, and limited testimonial evidence without calling expert witnesses, and the attorneys are permitted to deliver condensed opening and closing statements. The parties may stipulate to a summary jury trial providing for: the extent, dates

---

1. Subsequently designated CPLR 4545 (a) by Laws of 2009, chapter 494, part F, § 2 (eff Nov. 12, 2009).

and period for discovery; the mode and method of the trial; a waiver of the right of appeal and motions directed to the verdict; and high/low verdict parameters. In the absence of agreement of counsel and approval by the trial court, the process provided in the rules of the jurisdiction apply.[2]

The summary jury trial achieves its economy of time by limiting the presentation by each side to one hour, absent a court rule or an agreement to the contrary. During the one hour, each side may call one or two witnesses, who are subject to cross-examination. Other testimony may be presented through deposition transcripts or sworn affidavits. The rules of evidence are relaxed but not abrogated. The key to the saving of time and especially expense is the submission of medical evidence through the affidavits or reports of providers, rather than through live testimony. Police, hospital, and accident reports, as well as other documentary or demonstrative evidence are allowed to be introduced without certification or authentication, subject to all items having been exchanged, and objections to the introduction of evidence and rulings thereto having been made before trial at an evidentiary hearing.

The overarching theme to be borne in mind is that the parties themselves, with the permission of the trial judge, may fashion their own parameters for their summary jury trial, by using, augmenting and/or disregarding the rules existing in the jurisdiction, as well as by creating rules of their choosing. The parties are allowed to shape a format that will allow them to fully explore all the issues or to focus on a particular issue without spending the time and money to bring in myriad witnesses, doctors and other experts.

The parties here did not stipulate to abide by any parameters other than the rules of the Twelfth Judicial District[3] with respect to motion practice, which explicitly preclude motions for a directed verdict and motions to set aside the verdict, both of which are addressed to the sufficiency of the substantive evidence and proof at trial. (*See e.g. Parkin v Cornell Univ.*, 78 NY2d 523 [1991] [motion to set aside verdict]; *see also e.g. Bradley v Earl B. Feiden, Inc.*, 8 NY3d 265 [2007] [motion for

---

**2.** Summary jury trial rules and procedures may be created by and applicable to judicial districts, individual counties within judicial districts, individual courts within counties, or individual trial parts.

**3.** New York State is composed of 13 judicial districts covering the State's 62 counties. The Twelfth Judicial District is composed of Bronx County, therefore creating a single-county judicial district.

directed verdict].) For example, a trial court may set aside a verdict "only if there was 'no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented.' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 745-746 [1995], quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978].)

A motion pursuant to CPLR 4545 (c), however, addresses the sufficiency and propriety of plaintiff's recovery of damages. (*See e.g. Lowit v Consolidated Edison Co. of N.Y.*, 234 AD2d 2 [1st Dept 1996].) It does not question the validity or weight of the substantive evidence adduced at trial. "Under CPLR 4545 (c), if the court finds that any portion of a personal injury award for economic loss 'was or will, with reasonabl[e] certainty, be replaced or indemnified from any collateral source, it shall reduce the amount of the award by such finding.' " (*Brewster v Prince Apts.*, 264 AD2d 611, 618 [1st Dept 1999], *lv dismissed* 94 NY2d 875 [2000].)

The only New York cases answering this question are found in the Fourth Department, emanating from the Eighth Judicial District, the jurisdiction that pioneered the use of the summary jury trial in New York State. Although that jurisdiction's summary jury trial rules are essentially similar to those followed in the Bronx, the cases establish that posttrial motion practice is not per se disallowed in the summary jury trial setting. For example, in *Conroe v Barmore-Sellstrom, Inc.* (12 AD3d 1121 [4th Dept 2004]), the court allowed motion practice to challenge the admission into evidence of documents that had not been exchanged pursuant to the summary jury trial rules. In addition, where neither the parties' stipulation to submit the action to summary jury trial nor the administrative judicial materials in the jurisdiction addressed the particular type of motion made in the summary jury trial setting, and while dismissing the appeal, the court stated that it would not have been error to rule on the motion. (*See White v Winter*, 28 AD3d 1148 [4th Dept 2006].)

Accordingly, as collateral source motions are not specifically excluded by the rules under which the parties stipulated to submit the action to a summary jury trial, defendant's motion may be entertained. Furthermore, "[t]o assure that plaintiffs are fully compensated—but not overcompensated—a 'direct correspondence between the item of loss and the type of collateral reimbursement must exist before the required statutory offset

may be made.' " (*Fisher v Qualico Contr. Corp.*, 98 NY2d 534, 538 [2002], quoting *Oden v Chemung County Indus. Dev. Agency*, 87 NY2d 81, 87 [1995].) Ordinarily, a hearing would be required to determine the amount of the collateral source offset, if any, from the jury's verdict.

Here, however, movant, pursuant to the court's directive, provided the insurance carrier's denial of benefits of proposed collateral source. As benefits were already denied, and the time to appeal the denial has long since passed, movant has not demonstrated that the relevant portion of the jury's verdict "will, with reasonable certainty, be replaced or indemnified . . . from any collateral source." (CPLR 4545 [c]; *see Pryce v Gilchrist*, 51 AD3d 425 [1st Dept 2008], *lv denied* 11 NY3d 710 [2008]; *Gonzalez v Iocovello*, 249 AD2d 143 [1st Dept 1998], *affd* 93 NY2d 539 [1999].) Therefore, defendant's motion for a stay of enforcement of the judgment is denied as moot.

Accordingly, it is ordered that the motion (motion sequence No. 3) of defendant Richard A. Yonkers for a collateral source hearing and reduction of the verdict by collateral source payment is denied; and it is further ordered, that the motion (motion sequence No. 4) of defendant Richard A. Yonkers for a stay of enforcement of the judgment is denied as moot.