■ LISA M. GROCHOWSKI, Respondent, v JASON P. FUDELLA, Appellant. [893 NYS2d 920]—

Appeal from an order of the Supreme Court, Erie County (Nelson H. Cosgrove, J.H.O.), entered May 1, 2009 in a personal injury action. The order granted plaintiff's motion to set aside the verdict and for a new trial.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking dam-

ages for injuries she sustained when her vehicle was rear-ended by a vehicle driven by defendant. Following a summary jury trial conducted pursuant to the parties' stipulation in accordance with "the Summary Jury Trial Rules of the Eighth Judicial District," the jury found in favor of defendant. Defendant appeals from an order granting plaintiff's motion to set aside the verdict as against the weight of the evidence and for a new trial. We reject defendant's contention that Supreme Court violated the terms of the stipulation in determining the motion. "A stipulation between parties is an independent contract subject to the principles of contract interpretation" (*Matter of Black v New York State & Local Employees' Retirement Sys.*, 30 AD3d 920, 920 [2006]). Here, the parties stipulated that the issue of negligence would be submitted to the jury and that neither party would request the court to direct a verdict pursuant to CPLR 4401 on that issue. The stipulation is silent, however, with respect to motions to set aside the verdict as against the weight of the evidence pursuant to CPLR 4404, and thus the court properly concluded that the terms of the stipulation do not evince the intent of plaintiff to forgo her right to move to set aside the verdict (*see generally White v Winter*, 28 AD3d 1148 [2006]). Present—Scudder, P.J., Fahey, Lindley and Green, JJ.