■ Donald R. Bennice, Respondent, v Marguerite M. Randall et al., Appellants. [897 NYS2d 819]—

Appeal from an order of the Supreme Court, Chautauqua County (Joseph Gerace, J.H.O.), entered June 10, 2009 in a personal injury action. The order granted plaintiff's motion for a directed verdict.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the verdict is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when his vehicle was rear-ended by a vehicle operated by Marguerite M. Randall (defendant) and owned by defendant S.T. Kaczmierczak. Defendants conceded that the accident resulted from defendant's negligence, and the matter proceeded to a summary jury trial on the issues of causation, serious injury and damages. At the close of proof, plaintiff moved for a directed verdict pursuant to CPLR 4401 on the issue of causation and with respect to the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories of serious injury within the meaning of Insurance Law § 5102 (d). The Judicial Hearing Officer (JHO) reserved his decision and, after the jury returned a verdict finding that defendant's negligence was not a substantial factor in causing plaintiff's injuries, the JHO granted the motion. We reverse.

At the outset, we agree with defendants that this appeal is properly before us. A summary jury trial agreement " 'is an independent contract subject to the principles of contract interpretation' " (Grochowski v Fudella, 70 AD3d 1407, 1408 [2010]),

and the agreement at issue provides that "[t]he right to move to set aside the verdict, or to appeal, is limited to instances in which the rights of a party were significantly prejudiced by . . . an error of law that occurred during the course of the trial." We conclude that whether the JHO erred in directing a verdict in plaintiff's favor presents a question of law and thus the order is appealable pursuant to the summary jury trial agreement (*see generally* CPLR 4401).

Turning to the merits, a directed verdict is "appropriate where the . . . court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Cummings v Jiayan Gu*, 42 AD3d 920, 921 [2007]). In considering a motion for a directed verdict pursuant to CPLR 4401, "the . . . court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak*, 90 NY2d at 556).

Here, there is a rational process by which the jury could have found that defendant's negligence was not a substantial factor in causing plaintiff's alleged injuries. Plaintiff presented the testimony of several medical experts who examined him and concluded that the cervical and lumbar injuries at issue were causally related to the accident. Nevertheless, the lack of candor demonstrated by plaintiff when questioned on cross-examination about his preexisting injuries, together with his failure to advise some of those experts of his history of back pain, could have led the jury to reject the opinions of those experts (*see Salisbury v Christian*, 68 AD3d 1664, 1665 [2009]). Further, the jury was entitled to credit the report of defendants' expert neurologist, who concluded that plaintiff's complaints of pain were subjective and could not be linked to the accident. The further allegation of plaintiff that the accident caused him to sustain urinary problems was not conclusively supported by his treating urologist and, in any event, that allegation was contradicted by defendants' expert. Thus, we agree with defendants that the JHO erred in granting the motion (*see generally Szczerbiak*, 90 NY2d at 556). Present—Smith, J.P., Fahey, Carni, Lindley and Sconiers, JJ.