# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**16**

**CA 13-00842**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND WHALEN, JJ.

---

DANIEL C. ANTHONY, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

BRENT M. PHELPS, DEFENDANT-RESPONDENT.

---

GREENE & REID, PLLC, SYRACUSE (EUGENE W. LANE OF COUNSEL), FOR PLAINTIFF-APPELLANT.

GORIS & O'SULLIVAN, LLC, CAZENOVIA (MARK D. GORIS OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered October 4, 2012 in a personal injury action. The judgment, inter alia, ordered that a judgment of no cause of action be entered.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and a new trial is granted.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained while attempting to avoid a collision between the motorcycle he was driving and the vehicle driven by defendant. Supreme Court denied plaintiff's motion for a directed verdict at the close of his proof and, following the jury's verdict of no cause of action, the court denied plaintiff's posttrial motion to set aside the verdict as against the weight of the evidence.

We reject plaintiff's contention that the court erred in denying his motion for a directed verdict on the issue of defendant's negligence. Viewing the evidence in the light most favorable to the nonmoving party, as we must, we conclude that the court properly determined that there was a "rational process by which the fact trier could base a finding in favor of [defendant]" (*Szczerbiak v Pilat*, 90 NY2d 553, 556; *see Bennice v Randall*, 71 AD3d 1454, 1455).

We agree with plaintiff, however, that the court erred in denying his request to instruct the jury pursuant to Vehicle and Traffic Law § 1142 (a), and we therefore reverse the judgment and grant a new trial. Pursuant to that section, defendant was obligated to yield the right-of-way "to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is

moving across or within the intersection" (*id.*; *see* PJI 2:80).  The accident here occurred at an intersection, and the jury should have been instructed on the statutory standard of care in determining whether defendant failed to yield the right-of-way and thus was negligent (*see Doyle v Olin's Leasing Corp.*, 73 AD2d 634, 635).