Salov v Akinjide (2019 NY Slip Op 03834)





Salov v Akinjide


2019 NY Slip Op 03834


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2018-01029
 (Index No. 508171/13)

[*1]Vladimir Salov, appellant,
v
Lateef Akinjide, respondent.


Law Office of Yuriy Prakhin P.C., Brooklyn, NY (Gregory Nahas of counsel), for appellant.
James G. Bilello (Russo & Tambasco, Melville, NY [Yamile Al-Sullami and Caner Demirayak], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated November 21, 2017. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendant on the issue of liability as inconsistent and contrary to the weight of the evidence, and for a new trial.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This action arises from an alleged accident that occurred on October 25, 2013, in a parking lot on Springfield Boulevard in Queens. At the time of the accident, the plaintiff, a pedestrian, allegedly was struck by the defendant's vehicle as the plaintiff walked through the parking lot.
Prior to the trial, the parties entered into a stipulation which provided that there would be a trial on the issue of liability. In addition, the parties agreed that to the extent that the defendant was found in any way liable, the plaintiff would receive the entirety of defendant's insurance policy and the matter would be marked settled. Alternatively, if the defendant was found not to be in any way liable, the matter would be dismissed.
After a jury trial, the jury rendered a verdict in favor of the defendant. Thereafter, the plaintiff moved pursuant to CPLR 4404(a) to set aside the verdict and for a new trial, contending that the verdict was contrary to the weight of the evidence and inconsistent. He also argued that the verdict sheet caused substantial juror confusion. The defendant opposed the motion and moved to enforce the stipulation and for the entry of judgment in his favor based on the stipulation. In an order dated November 21, 2017, the Supreme Court denied the plaintiff's motion to set aside the verdict, and denied the defendant's motion as academic. The plaintiff appeals from so much of the order as denied his motion.
We agree with the Supreme Court's determination to consider the merits of the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict in the defendant's favor on [*2]the issue of liability, given that the parties' stipulation did not expressly prohibit the plaintiff from making a postverdict motion (see Matamoros v Tovbin, 82 AD3d 941, 942; Doubrovinskaya v Dembitzer, 77 AD3d 609, 610; Grochowski v Fudella, 70 AD3d 1407, 1408).
Contrary to the plaintiff's contention, the verdict was not contrary to the weight of the evidence. " A jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence'" (Marmo v Terracciano, 153 AD3d 512, 513, quoting Scarpulla v Williams, 147 AD3d 1101, 1102). Based on the evidence introduced at trial, the verdict in favor of the defendant should not be disturbed.
The plaintiff's contention that the verdict was inconsistent is not properly before this Court, since he failed to raise the issue at trial before the jury was discharged (see Iovino v Kaplan, 145 AD3d 974, 978; Ahmed v Port Auth. of N.Y. & N.J., 131 AD3d 493, 494; Moshiri v Batista, 54 AD3d 738, 738).
The plaintiff's challenges to the jury charge and the verdict sheet are improperly raised for the first time on appeal (see CPLR 4110-b; Ross v Mandeville, 45 AD3d 755, 757; Kinney v Taylor, 305 AD2d 466, 467). In any event, the plaintiff's contentions are without merit.
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court