Vargas v LaMacchia (2020 NY Slip Op 00556)





Vargas v LaMacchia


2020 NY Slip Op 00556


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Friedman, J.P., Webber, Kern, González, JJ.


10912N 309300/10

[*1] Manoa Vargas, Plaintiff,
v
Anthony G. LaMacchia, Defendant-Respondent, Walter C. Sevillano, Defendant-Appellant.


Koors & Jednak, P.C., Bronx (Paul W. Koors of counsel), for appellant.
Baxter Smith & Shapiro, P.C., White Plains (Sim R. Shapiro of counsel), for respondent.



Order, Supreme Court, Bronx County (Donald A. Miles, J.), entered on or about May 13, 2019, which, to the extent appealed from as limited by the briefs, denied defendant Walter C. Sevillano's motion to vacate an order, same court and Justice, dated June 14, 2018, sua sponte declaring a mistrial and setting aside the jury's verdict following a summary jury trial, and setting the matter down for a new jury trial, unanimously reversed, on the law, without costs, the order dated June 14, 2018 vacated, and the jury verdict reinstated.
The parties stipulated to a summary jury trial pursuant to the rules and procedures for Bronx County (see The Summary Jury Trial Process: Bronx Rules and Procedure [as amended Sep. 23, 2008]). "A summary jury trial is a voluntary, innovative and streamlined form of alternative dispute resolution that combines the flexibility and cost-effectiveness of arbitration with the structure of a conventional trial" (Griffin v Yonkers, 26 Misc 3d 917, 918-919 [Sup Ct, Bronx County 2009]). "In the absence of agreement of counsel and approval by the trial court, the process provided in the rules of the jurisdiction apply" (id. at 919).
The SJT rules to which the parties stipulated provide, among other things, that "[p]arties agree to waive any motions for directed verdicts as well as any motions to set aside the verdict or any judgment rendered by said jury" and that the "Court shall not set side any verdict or any judgment entered thereon, nor shall it direct that judgment be entered in favor [of] a party entitled to judgment as a matter of law, nor shall it order a new trial as to any issues where the verdict is alleged to be contrary to the weight of the evidence" (The Summary Jury Trial Process: Bronx Rules and Procedure [as amended Sep. 23, 2008], at 4 ¶ 13).
The court erred in sua sponte declaring a mistrial and setting aside the verdict. While this was an attempt to correct an admittedly erroneous evidentiary ruling, the parties' stipulation to a summary jury trial, subject to the applicable rules and procedures for Bronx County, was a legally binding contract (see Chae Shin Oh v Jeannot, 160 AD3d 701, 702-703 [2d Dept 2018]; Bennice v Randall, 71 AD3d 1454, 1454-1455 [4th Dept 2010]; Grochowski v Fudella, 70 AD3d 1407, 1408 [4th Dept 2010]; see also Acosta v Xinna Lu, 65 Misc 3d 1224[A], 2019 NY Slip Op 51826[U], *2-3 [Civ Ct, Bronx County 2019]). Since the summary jury trial rules for Bronx County do not provide for any means to correct errors of law committed during trial, the court exceeded the boundaries of the parties' agreement by setting aside the verdict, regardless of whether it in fact did so on its own initiative in the interest of justice (see CPLR 4404[a]; compare Bennice, 71 AD3d at 1454-1455 [provision in pertinent summary jury trial stipulation permitted appeals only for " instances in which the rights of a party were significantly prejudiced by . . . an error of law that occurred during the course of the trial'" (omission in original)]; Grochowski, 70 AD3d at 1408 [court did not violate terms of parties' summary jury trial stipulation by granting motion to set aside verdict where stipulation was silent as to such [*2]motions]).
Contrary to defendant LaMacchia's argument, this holding does not proscribe post-trial motions of any kind in connection with summary jury trials; rather, it abides by the parties' own proscriptions made at the time that they stipulated to proceed with a summary jury trial. There was nothing barring the parties from stipulating to reserve their right to appeal or move to set aside the verdict on the ground of an error of law.
We have considered defendant LaMacchia's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK