Conio v Talarico (2020 NY Slip Op 05720)





Conio v Talarico


2020 NY Slip Op 05720


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-10231
 (Index No. 100689/15)

[*1]Rosemarie Conio, respondent,
v
Karen Talarico, et al., appellants.


Nicole Lesperance (James G. Bilello, Hicksville, NY [Katie A. Walsh], of counsel), for appellants.
James R. Lambert, Staten Island, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Catherine M. DiDomenico, J.), dated July 10, 2019. The order granted the plaintiff's post-trial motion, in effect, to set aside the verdict on the ground that it was internally inconsistent.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's post-trial motion, in effect, to set aside the verdict is denied, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings in accordance with the provisions of Rule 16 of the Richmond County Summary Trial Rules.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in an automobile accident. The parties subsequently entered into a stipulation to submit this matter to a binding summary jury trial pursuant to the Richmond County Summary Jury Trial Rules.
In its verdict sheet, the jury found that the defendant Lauren Talarico's negligence was not a substantial factor in causing the accident, but went on to assess her percentage of fault at 49%. The jury did not determine whether the plaintiff had sustained a serious injury and did not award any damages. Upon receiving the jury's verdict sheet, the Supreme Court informed the jury that "there was no need to go on past" the finding that Talarico's negligence was not a substantial factor in causing the accident, and after ascertaining that all six jurors had signed the form, the trial court dismissed the jurors and announced that "[t]his constitutes a defense verdict."
Four days later, the plaintiff moved, in effect, to set aside the verdict on the ground that it was internally inconsistent, and the Supreme Court granted the motion.
As the defendants contend, the Supreme Court "exceeded the boundaries of the parties' agreement by setting aside the verdict" (Vargas v LaMacchia, 179 AD3d 611, 612). The plaintiff's remaining contention is without merit.
Accordingly, the order appealed from must be reversed.
CHAMBERS, J.P., ROMAN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court