## McKenna v Henry V Murray Senior LLC

2025 NY Slip Op 32368(U)

July 7, 2025

Supreme Court, New York County

Docket Number: Index No. 157439/2016

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. MARY V. ROSADO** | PART **33M** |
| *Justice* | |

---------------------------------------------------------------------------X

TROY MCKENNA,

|  |  |
|---|---|
| | INDEX NO. 157439/2016 |
| Plaintiff, | MOTION DATE 02/05/2025 |
| | MOTION SEQ. NO. 007 |

- v -

HENRY V MURRAY SENIOR LLC,PLAZA
CONSTRUCTION GROUP, INC.,PLAZA CONSTRUCTION
LLC

**DECISION + ORDER ON
MOTION**

Defendants.

----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 007) 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245

were read on this motion to/for                    POST JUDGMENT OTHER                    .

Upon the foregoing documents, and after oral argument, which took place on May 27, 2025, where Daniel M. Weir, Esq. and S. Wade Turnbull, Esq. appeared for Plaintiff Troy McKenna ("Plaintiff") and James F. Burke, Esq. appeared for Defendants Henry V. Murray Senior LLC, Plaza Construction Group, Inc., and Plaza Construction LLC (collectively "Defendants"), Defendants' motion to vacate the jury's awards for past and future pain and suffering, future medical expenses, and future lost wages as against the weight of the evidence, or alternatively reducing the aforementioned awards as excessive, is denied.

## I.    Background

On August 26, 2016, Plaintiff, a 25-year-old union iron worker, suffered a labral tear to his left hip after being injured on a construction site at 111 Murray Street, New York, New York. He sued Defendants to recover for personal injury under various provisions of the New York Labor Law and was granted summary judgment on the issue of liability on his Labor Law § 241(6) claim on October 13, 2021. The matter proceeded to trial, and after seven days, on December 23, 2024,

**157439/2016  MCKENNA, TROY vs. HENRY V MURRAY SENIOR LLC**
**Motion No.  007**

Page 1 of 7

the jury returned a verdict. The verdict awarded Plaintiff $3,000,000, consisting of $500,000 for past lost earnings, $1,300,000 for future lost earnings over the span of 30 years, $600,000 for future medical expenses over the span of 30 years, $200,000 for past pain and suffering, and $400,000 for future pain and suffering over the span of 30 years. Defendants challenge only the amount of damages Plaintiff was awarded and ask this Court to set aside the verdict as against the weight of the evidence, or to reduce the total amount of damages as excessive. Plaintiff opposes. For the following reasons, Defendants' motion is denied.

## II. Discussion

### A. Standard

In order for this Court to disregard the jury's verdict, the weight of the evidence must be "'so preponderate[d] in favor of the [moving party] that [it] could not have been reached on any fair interpretation of the evidence'" (*Killon v Parrotta*, 28 NY3d 101, 107 [2016] quoting *Lolik v Big V Supermarkets, Inc.*, 86 NY2d 744, 746 [1995]). The jury is to be afforded great deference, and the jurors may reject and assess the credibility of witnesses (*Rozon v Schottenstein*, 204 AD3d 94 [1st Dept 2022]). In determining whether a verdict is against the weight of the evidence, the non-moving party is afforded "every inference which may properly be drawn from the facts presented, and the facts must be considered in the light most favorable to the nonmovant" (*KBL, LLP v Community Counseling & Mediation Services*, 123 AD3d 488 [1st Dept 2014] quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Where there is conflicting testimony, the jury is entitled to determine which fact witnesses it finds most credible (*Gonzalez v NYC Department of Citywide Administrative Services*, 190 AD3d 416 [1st Dept 2021]). Simply because there is some evidence which may support "each party's position with regard to liability does not mean that the

157439/2016   MCKENNA, TROY vs. HENRY V MURRAY SENIOR LLC
Motion No. 007

Page 2 of 7

[* 2]

jury exceed[s] its province in determining which evidence to accept and which to reject" (*Demetro v Dormitory Authority*, 199 AD3d 605 [1st Dept 2021]).

### B. Future Medical Expenses

Defendants are incorrect in their argument that there is no basis for an award of $600,000 for future medical expenses over the span of 30 years. The jury heard testimony from Plaintiff that although he remains physically active, on days that he engaged in physical activity he feels aggravated pain in his hip at the end of the day (Tr. at 147). Moreover, the medical evidence showed that Plaintiff, who is only thirty-five years old, has arthritis in his hip, which will continue to build up to the point he will need a hip replacement (Tr. at 148-49). Dr. Kaplan, Plaintiff's treating physician, testified that Plaintiff presented symptoms of arthritis with continued pain associated with squatting, bending, and lifting (Tr. at 381). Dr. Kaplan further testified that because of pain associated with Plaintiff's gradually progressing hip arthritis, he will likely need a total hip replacement at the age of 50 (Tr. at 385). Dr. Kaplan testified that because a hip replacement only lasts about fifteen to twenty years, Plaintiff would likely need another hip surgery between the ages of sixty-five and seventy (Tr. at 386). Dr. Sokolof testified that assuming a 60-year growth rate, Plaintiff's two future operations alone would cost $833,630. There was no countervailing life care plan expert or economist called by Defendants.

Given this testimony, the jury's verdict was not against the weight of the evidence. The jury was entitled to discredit Defendants' evidence and credit Plaintiff and his experts' testimony in evaluating its award. Although there is evidence that Plaintiff remains physically active, the jury was entitled to credit Plaintiff's experts' opinions that Plaintiff's injury would continue to mature and progress as he got older, eventually requiring further surgeries and becoming more debilitating. As the jury is entitled to great deference in its evaluation of the evidence, and due to

157439/2016   MCKENNA, TROY vs. HENRY V MURRAY SENIOR LLC
Motion No. 007

Page 3 of 7

3 of 7

[* 3]

the conflicting expert testimony regarding Plaintiff's progressing arthritis, need for two future hip surgeries, and the length of Plaintiff's life expectancy, this Court declines to disturb the jury's future medical expenses award (*see e.g. Morrobel v Alicea*, 236 AD3d 571, 571-72 [1st Dept 2025] ["[t]hat some evidence supported each party's position does not mean that the jury exceeded its province in determining which evidence to accept and which to reject"]; *see also Greenidge v Steele*, 233 AD3d 477 [1st Dept 2024] [conflicting expert testimony gave jury sufficient basis to evaluate plaintiff's injury]).

### C. Past and Future Pain and Suffering

Likewise, the jury's verdict of $200,000 for past pain and suffering and $400,000 for future pain and suffering was grounded in the evidence. As a preliminary matter, the $200,000 for past pain and suffering from the date of the accident to verdict equates to approximately $25,000 per year. After Plaintiff was injured, he tried to put "mind over matter" and continued working the next day – but felt "striking, grinding pain in [his] groin area, something [he] never experienced in [his] life." (Tr. at 130). He collapsed and had to crawl out of the cage he was working in (*Id.*). After that, Plaintiff received chiropractic treatment and cortisone injections to deal with the pain (Tr. at 132 and 134). During this time, he continued working and continued to experience "striking pain to [his] hip" (Tr. at 143). When conservative treatment was unsuccessful, he underwent arthroscopic surgery (Tr. at 185). Given the years of pain, treatment, and ultimately surgery, the jury's award of $200,000 for past pain and suffering was not against the weight of the evidence.

Nor is the award of $400,000 over the span of thirty years for future pain and suffering against the weight of the evidence (*see, e.g. Cabrera v New York City Transit Auth.*, 171 AD3d 594 [$3,000,000 for future pain and suffering reasonable for future hip replacement and cervical neck fusion, and where plaintiff suffered from hip and neck arthritis caused by accident]). This

**157439/2016 MCKENNA, TROY vs. HENRY V MURRAY SENIOR LLC**
**Motion No. 007**

**Page 4 of 7**

4 of 7

award equates only to $13,333.33 per year for future pain and suffering. The jury heard testimony from experts that Plaintiff's hip arthritis will continue to progress, and due to his young age he will likely need two hip surgeries in the future. Given the expert prognosis, as well as Plaintiff's testimony that he currently experiences arthritic flare up in the morning and at night, the jury's award of future pain and suffering is not against the weight of the evidence.

## D. Past and Future Lost Earnings

Finally, Defendants' motion to set aside Plaintiff's lost earnings award is denied. As a preliminary matter, Defendants do not ask this Court to set aside Plaintiff's past lost earnings. As to Plaintiff's future lost earnings, Plaintiff's testimony about his limitations, pain, and efforts to find other construction work, the fact he was employed as a union ironworker, testimony from his medical experts, and the testimony from Plaintiff's vocational expert, Sara Ford, provided sufficient evidence to support the jury's future lost earnings award (*see, e.g. Pimenta v 1504 CIA, LLC*, 197 AD3d 670, 672 [2d Dept 2021] [future lost earnings of $1,632,674.52 to 42-year old injured construction worker who suffered spine and knee injury rendering him unable to perform construction work was supported by the evidence]; *see also Baptiste v RLP-East, LLC*, 182 AD3d 444, 446 [1st Dept 2020] [future lost earnings awarded to injured construction worker was adequately supported by evidence, which included testimony of an expert economist]). According to Ms. Ford, Plaintiff experienced lost wages of $5,460,088 after taking into account the wages he was earning in his current employment. Thus, the jury's calibrated award of $1,300,000 over 30 years, equating to $43,333.33 per year, was not against the weight of the evidence.

## E. Request to Reduce Damages Award as Excessive

Defendants' request that this Court reduce Plaintiff's damages award as excessive under the circumstances is denied. CPLR 5501(c) allows a court to review a jury award to determine if

**157439/2016   MCKENNA, TROY vs. HENRY V MURRAY SENIOR LLC**
**Motion No. 007**

Page 5 of 7

[* 5]

5 of 7

is excessive or inadequate. The standard to be applied is whether the award "deviates materially from what would be reasonable compensation." Because the Court has already found the jury's award was grounded in the evidence, and carefully calibrated given the competing expert opinions, the Court finds there is no basis to reduce Plaintiff's damages award as excessive.

The simple fact of the matter is that Plaintiff, who was employed as a union steel worker, was injured at the young age of 25 and, after injections and conservative treatment, required surgery (*see e.g. Munzon v Victor at Fifth, LLC*, 161 AD3d 1183, 1185 [2d Dept 2018] [taking into account plaintiff's young age and his injuries, award of $629,000 for future pain and suffering did not deviate materially from reasonable compensation]). Plaintiff continues to suffer from post-traumatic arthritis in his hip which limits his activities and ability to engage in construction work. The jury credited expert testimony that Plaintiff's injury will mature, his arthritis will continue to progress, and given his young age, he will likely require two future hip surgeries (*cf. Watanabe v Sherpa*, 44 AD3d 519, 520 [1st Dept 2007] [award of $100,000 for future pain and suffering for a 41.7 year life expectancy deviated materially from what is reasonable where testimony indicated plaintiff's injuries were permanent, he suffered ongoing pain, he was likely to develop degenerative arthritis, and he could require knee replacement surgery]).

Therefore, the branch of the motion which seeks to reduce Plaintiffs' damages award as excessive is denied (*see Morrobel v Alicea*, 236 AD3d 571, 572 [1st Dept 2025] [future pain and suffering at $45,000 per year was not excessive for motor vehicle accident plaintiff who suffered cervical spine injuries]; see also *Smith v Manhattan and Bronx Surface Transit Operating Auth.*, 58 AD3d 552, 552-53 [1st Dept 2009] [$800,000 for future pain and suffering did not deviate materially from what would be reasonable compensation where plaintiff who injured knee,

157439/2016   MCKENNA, TROY vs. HENRY V MURRAY SENIOR LLC
Motion No. 007

Page 6 of 7

underwent arthroscopic surgery, would require future surgery and knee replacement, and continued to suffer from progressing post-accident arthritis]).

Accordingly, it is hereby,

ORDERED that Defendants motion is denied in its entirety; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 7/7/2025 | | | | *May V Mad JSC* | | |
|----------|--|--|--|----------------|--|--|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | | |

| CHECK ONE: | x | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|------------|---|---------------|--|--|-----------------------|--|
| | | GRANTED | x | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

157439/2016   MCKENNA, TROY vs. HENRY V MURRAY SENIOR LLC
Motion No. 007

Page 7 of 7

7 of 7

[* 7]