■ FRANCIS BATISTA, Appellant, v ELITE AMBULETTE SERVICE, INC., et al., Respondents. [721 NYS2d 355] —Judgment, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered March 6, 2000, in an action for personal injuries sustained by plaintiff when his motorcycle collided with defendants' van, awarding plaintiff $150,000, unanimously affirmed, without costs.

During jury deliberations, the parties dictated into the record their "agree[ment] to a high-low settlement of $900,000 high, $150,000 low, meaning that plaintiff cannot receive anything more than $900,000 regardless of what the jury comes back with above that number; can't receive below $150,000

regardless of what the jury comes back with respect to that number; [and would receive] anything the jury comes back with between $150,000 and $900,000." The jury awarded plaintiff pre-apportionment damages of $225,000, and apportioned fault 75% against plaintiff and 25% against defendants. Plaintiff contends that under the high-low agreement he is entitled to $225,000; defendants contend that under the high-low agreement plaintiff is entitled to $150,000. The issue on appeal is whether the phrase "anything the jury comes back with" should be interpreted, as plaintiff claims, as the gross figure arrived at by the jury without apportionment, or, as defendants claim, as calling for an award of the greater of either $150,000 or the amount plaintiff would have received had there been no high-low agreement ($56,250) up to a maximum of $900,000. The interpretation urged by defendants is by far the more reasonable, given that plaintiff's alleged fault for the accident was a substantial component of defendants' defense and an essential component of the jury's verdict, and the stipulation dictated into the record contained no language indicating that defendants were waiving the issue of comparative negligence. Of course, the result would be otherwise had the stipulation contained such language (*cf., Torres v Livorno Rest. Corp.*, 221 AD2d 197). Plaintiff's claim for interest and costs under CPLR 5003-a (a) and (e) is without merit since the release plaintiff tendered recited the settlement amount as $225,000 despite timely and correct requests by defendants for a release reciting $150,000. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Buckley and Friedman, JJ.