■ John D. Sullivan et al., Appellants, v R. J. Pampillonio et al., Respondents. [733 NYS2d 120] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (McCaffrey, J.), entered August 16, 2000, which, upon a jury verdict in favor of the defendants and against them on the issue of liability, and upon the denial of their motion pursuant to CPLR 4404 to set aside the jury verdict on the issue of liability as against the weight of the evidence, dismissed the complaint.

Ordered that the judgment is reversed, on the law and the facts, the motion to set aside the verdict on the issue of liability is granted, the complaint is reinstated, and a new trial is ordered, with costs to abide the event.

This action arose out of a motor vehicle collision which occurred in the parking lot of the Broadway Mall in Hicksville. The evidence adduced at trial revealed that the defendant R. J. Pampillonio cut across two parking spaces to make a right turn into a travel lane in the parking lot. As he exited the parking spaces, there was a car parked immediately to his left and another car parked a few spaces away to his right. He testified that while he did not slow down as he emerged from the parking spaces to enter the road, he did look both ways before entering the roadway. However, he claimed that he did not see the vehicle operated by the plaintiff John D. Sullivan, which was traveling in the roadway. Consequently, the two vehicles collided. The jury found that Pampillonio was negligent in the operation of his vehicle, but that his negligence was not a proximate cause of the accident. Upon denying the plaintiffs' motion pursuant to CPLR 4404 to set aside the verdict on the issue of liability as against the weight of the evidence, the Supreme Court dismissed the complaint. We reverse and order a new trial.

The Supreme Court erred in denying the plaintiffs' motion to set aside the verdict. A jury verdict should not be set aside as against the weight of the evidence unless the verdict could not have been reached upon any fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129). Here, the jury's verdict finding that R. J. Pampillonio's negligence was not a proximate cause of the accident did not rest upon a fair interpretation of the credible evidence, and a new trial is warranted pursuant to CPLR 4404 (a). Bracken, P. J., McGinity, Luciano and Feuerstein, JJ., concur.