■ ALFRED V. POWELL, JR., Appellant, v ALICIA E. TUYN, Respondent. [760 NYS2d 665] —In an action to recover damages for wrongful death, etc., the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Zambelli, J.), dated July 31, 2002, which, upon a jury verdict in favor of the defendant and against him on the issue of liability, and upon the denial of his motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability as against the weight of the evidence, dismissed the complaint.

Ordered that the judgment is reversed, on the law and the facts, the motion is granted, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

This action arose when the plaintiff's decedent was struck and killed by an automobile driven by the defendant. At the time of the accident, the decedent, a pedestrian, was crossing a three-lane roadway and was within the designated crosswalk. Nonparty witnesses testified that the decedent had successfully crossed two lanes of traffic, when she was struck by the defendant while in the third. There was no evidence of obstructions which would have affected the defendant's view of the decedent and no evidence that the defendant took any action to avoid striking the decedent. The jury found that the defendant was negligent, but that her negligence was not the proximate cause of the accident. The Supreme Court denied the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict on the issue of liability as against the weight of the evidence, and dismissed the complaint. We reverse and grant a new trial.

A jury verdict should not be set aside as against the weight of the evidence unless the verdict could not have been reached upon any fair interpretation of the evidence (*see Salazar v City of New York,* 302 AD2d 580 [2003]; *Nicastro v Park,* 113 AD2d

129 [1985]). Here, the jury verdict finding that the defendant's negligence was not a proximate cause of the accident did not rest upon a fair interpretation of the credible evidence (*see* Vehicle and Traffic Law § 1151 [a]; *Sullivan v Pampillonio,* 288 AD2d 299 [2001]; *Rockman v Brosnan,* 280 AD2d 591, 592 [2001]; *Panariello v Ballinger,* 248 AD2d 452 [1998]). Accordingly, a new trial is warranted pursuant to CPLR 4404 (a). Smith, J.P., S. Miller, Crane and Cozier, JJ., concur.