JANE M. MURDOCK, Appellant, v STEWART'S ICE CREAM CO., INC., Respondent. [773 NYS2d 666]—

Appeal from a judgment of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered March 28, 2003. The judgment was entered, upon a jury verdict, in favor of defendant in a personal injury action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted, the verdict is set aside and a new trial is granted.

Memorandum: Plaintiff appeals from a judgment entered upon a jury verdict in favor of defendant. Plaintiff commenced this action seeking damages for injuries she sustained when she allegedly slipped and fell on a wet spot as she entered defendant's store. The jury found that, although defendant was negligent, that negligence was not a substantial factor in causing plaintiff's injuries.

We agree with plaintiff that Supreme Court erred in denying her motion to set aside the verdict as against the weight of the evidence. The jury's finding that defendant's negligence was not a substantial factor in causing plaintiff's injuries is not supported by any fair interpretation of the evidence (*see Bendersky v M & O Enters. Corp.*, 299 AD2d 434 [2002]; *Brecht v Copper Sands*, 237 AD2d 907 [1997]). Contrary to the court's determination, the findings of the jury cannot be reconciled on the basis of defendant's evidence that the floor was dry at the time of the accident. The instructions given to the jury establish "the legal standard by which the sufficiency of the evidence to support the verdict must be judged" (*Harris v Armstrong*, 64 NY2d 700, 702 [1984]; *see Rosas v Ishack*, 219 AD2d 633, 634 [1995]; *Rubin v Pecoraro*, 141 AD2d 525, 526 [1988]). Based on the instructions that were given here, the jury could not have found that defendant was negligent without first finding that the floor was wet and that the wet floor constituted a dangerous condition. We thus reverse the judgment, grant plaintiff's motion, set aside the verdict and grant a new trial (*see Dellamonica v Carvel Corp.*, 1 AD3d 311 [2003]; *Stanton v Gasport View Dairy Farm*, 244 AD2d 893 [1997]). The contention of plaintiff that the court erred in failing to grant a directed verdict in her favor on the issue of proximate cause is not preserved for our review. Present—Pine, J.P., Wisner, Kehoe, Gorski and Hayes, JJ.