■ ANTHONY SAGGIO, JR., Respondent, v FRANK LADONE et al., Appellants. [799 NYS2d 586]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), entered June 8, 2004, which granted

the plaintiff's motion pursuant to CPLR 4404 to set aside a jury verdict in their favor on the issue of liability and for a new trial.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of judgment in the defendants' favor.

The Supreme Court should have denied the plaintiff's motion to set aside the jury verdict in favor of the defendants and against him on the issue of liability and for a new trial. The plaintiff, proceeding northbound through an intersection, collided with the defendants' vehicle which was turning left from a southbound lane and crossing the northbound lanes. Left-turning traffic from the southbound lanes was controlled by a traffic signal. The plaintiff claimed that the traffic light for him was green "the whole way" and that therefore the traffic signal for southbound traffic turning left was not green. The defendant driver, on the other hand, claimed that he stopped at the intersection for a red light and he turned only after the light changed to a "green arrow." The jury resolved the issue of credibility in the defendants' favor. The trial court improperly determined that the defendant driver violated Vehicle and Traffic Law § 1141 which requires a driver making a left turn to yield the right of way to a vehicle approaching from the opposite direction. Vehicle and Traffic Law § 1141 was inapplicable here since the left-hand turn was controlled by a signal light. H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.