■ Sokoya Kibaki Salmon et al., Appellants, v Alsiegs Food Corp. et al., Respondents. [816 NYS2d 191]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from a judgment of the Supreme Court, Nassau County (Dunne, J.), entered December 28, 2004, which, upon a jury verdict, is in favor of the defendants and against them dismissing the complaint and (2) from an order of the same court entered April 6, 2005, which denied their motion pursuant to CPLR 4404 (a) to set aside the jury verdict as against the weight of the evidence and for a new trial.

Ordered that the order and the judgment are affirmed, with one bill of costs.

This case arises from a collision between a van driven by the defendant Jaime H. Guevara and a motorcycle driven by the plaintiff Sokoya Kibaki Salmon. The collision occurred as Guevara's vehicle made a left turn from the westbound lane, crossing the eastbound lane in which the motorcycle was proceeding. Both lanes were controlled by traffic signals. Guevara claimed that he turned only after the light changed to a green arrow while Salmon claimed the signal was green in his favor. The plaintiffs contend that the evidence established that Guevara made a left turn in violation of Vehicle and Traffic Law § 1141; therefore, the jury verdict in favor of the defendants was contrary to the weight of the evidence.

Contrary to the plaintiffs' contention, the jury verdict is supported by a fair interpretation of the evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]). The jury could have credited Guevara's testimony and reasonably concluded that Guevara had the right-of-way based on the traffic signal (*see Saggio v Ladone*, 21 AD3d 407 [2005]). Thus, the verdict was not against the weight of the evidence (*see Cohen v Hallmark Cards, supra; Klein v Lombardi*, 2 AD3d 789 [2003]; *Rice v Massalone*, 160 AD2d 861 [1990]).

The plaintiffs' remaining contention is without merit. Santucci, J.P., Spolzino, Lifson and Covello, JJ., concur.