(September 12, 2006)

■ Thomas Ahr, Appellant, v Joseph Karolewski et al., Respondents. [821 NYS2d 236]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Berler, J.), entered January 3, 2006, which, upon a jury verdict in favor of the defendants, and upon the denial of his motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and for a new trial, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the judgment is reversed, on the law and the facts, the motion to set aside the jury verdict is granted, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

The plaintiff and the defendant Joseph Karolewski were involved in a vehicular collision at the intersection of Middle Country Road and Wellington Road in Suffolk County. It is

undisputed that the plaintiff was traveling on Middle Country Road, which is a through highway, while Karolewski was driving on Wellington Road. A stop sign was posted on Wellington Road at the intersection. The plaintiff testified that as he approached the intersection, he observed Karolewski's vehicle roll slowly up to the stop sign and then abruptly accelerate into the intersection in an attempt to cross in front of him. Although he applied his brakes and tried to avoid the collision, the plaintiff was unable to do so. Conversely, Karolewski testified that he came to a complete stop at the sign, looked both ways (including 150 yards in the direction of the plaintiff's vehicle), saw no evidence of any approaching vehicles, and then proceeded into the intersection where his vehicle was struck by the plaintiff's vehicle.

In its charge to the jury, the trial court gave instructions regarding three possible theories under which Karolewski might be found negligent—that he failed to stop at the stop sign, as required by Vehicle and Traffic Law § 1172 (a), that he failed to yield the right-of-way to the plaintiff's closely-approaching vehicle, as required by Vehicle and Traffic Law § 1142 (a), and/or that he failed to keep a proper lookout and to see through the proper use of his senses what was there to be seen. The jury returned a verdict finding that Karolewski was negligent in the operation of his vehicle, but that his negligence was not a substantial cause of the accident. The court denied the plaintiff's motion to set aside the verdict as against the weight of the evidence and for a new trial. We reverse and grant a new trial.

"A jury's finding that a party was at fault but that [such] fault was not a proximate cause of the [plaintiff's injuries] is inconsistent and against the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Schaefer v Guddemi,* 182 AD2d 808, 809 [1992], quoting *Rubin v Pecoraro,* 141 AD2d 525, 527 [1988]; *see Calderon v Irani,* 296 AD2d 778 [2002]). Evaluating the jury's determination in this case in light of the evidence presented at trial and the court's instructions to the jury (*see Murdock v Stewart's Ice Cream Co.,* 5 AD3d 1100, 1101 [2004]; *Rubin v Pecoraro, supra* at 526), we conclude that the verdict could not have been reached upon any fair interpretation of the evidence, since Karolewski's negligence necessarily contributed to the happening of the accident (*see e.g. Lallemand v Cook,* 23 AD3d 533 [2005]; *Szymanski v Holenstein,* 15 AD3d 941 [2005]; *Garrett v Manaser,* 8 AD3d 616 [2004]; *Misa v Filancia,* 2 AD3d 810 [2003]; *Powell v Tuyn,* 306 AD2d 335 [2003]; *Johnson v*

*Schrader,* 299 AD2d 815 [2002]; *Sullivan v Pampillonio,* 288 AD2d 299 [2001]; *Petrone v Mazzone,* 284 AD2d 634 [2001]). Under these circumstances, the jury's findings were factually inconsistent and logically impossible. Accordingly, the verdict should have been set aside as against the weight of the evidence, and a new trial granted. Adams, J.P., Krausman, Fisher and Dillon, JJ., concur.