■ Tiffany Griffin, Respondent, v Christina Pennoyer, Appellant. [852 NYS2d 765]—

Plaintiff's prediscovery motion for partial summary judgment was not, under the circumstances, premature since defendant failed to demonstrate that facts essential to justify opposition to the motion may exist but could not be stated (*see* CPLR 3212 [f]).

In support of her motion, plaintiff submitted evidence in admissible form, including her affidavit and a police report containing admissions by defendant, demonstrating that defendant made an abrupt left-hand turn into the path of plaintiff's vehicle, which was passing through an intersection with a green light in its favor and the right-of-way, and that plaintiff was free

from any negligence. This evidence, which demonstrated that defendant violated Vehicle and Traffic Law § 1141, was sufficient to establish plaintiff's entitlement to judgment as a matter of law on the issue of which driver was responsible for the accident (*see Berner v Koegel*, 31 AD3d 591 [2006]).

In opposition, defendant failed to raise a triable issue of fact. Defendant's averment that she had a green light in her favor when she attempted to make the left-hand turn did not undercut plaintiff's assertion that she had a green light. Thus, regardless of the color of the light in defendant's direction, plaintiff had the right-of-way (*see* Vehicle and Traffic Law § 1141). Moreover, defendant's conclusory assertion that "[b]efore making the turn I checked to make sure that the way was clear" is insufficient to raise a triable issue of fact (*see Berner, supra* [defendant's testimony that she never saw plaintiff's vehicle before collision in intersection occurred was insufficient to raise triable issue of fact regarding defendant's negligence or plaintiff's comparative fault since a driver has a duty to see that which, through the proper use of senses, should have been seen]).

There is no basis, on this record, for finding that bifurcation of the fault and serious injury (Insurance Law § 5102 [d]) issues was improper or in any way prejudicial to defendant (*see Shinn v Catanzaro*, 1 AD3d 195, 199 [2003]; *Reid v Brown*, 308 AD2d 331 [2003]). Concur—Lippman, P.J., Andrias, Williams and McGuire, JJ.