■ ALECIA PRICE, Appellant, v MICHAEL A. GRANT, Defendant, and JOSHUA P. CITTADINO et al., Respondents. [874 NYS2d 579]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Nassau County (Mahon, J.), dated September 18, 2007, which, upon a jury verdict in favor of the defendants Joshua P. Cittadino and Alfred J. Cittadino, dismissed the complaint insofar as asserted against those defendants, and (2) an order of the same court entered October 29, 2007, which denied her motion pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence.

Ordered that the judgment and the order are affirmed, with one bill of costs.

The plaintiff was a passenger in a vehicle driven by the defendant Michael Grant. That vehicle was involved in a collision with a vehicle driven by the defendant Joshua Cittadino at a T-shaped intersection on a roadway with two southbound lanes and two northbound lanes. The plaintiff and Grant alleged that Grant was attempting to make a left turn from the left southbound lane when Cittadino, also proceeding southbound, at an excessive rate of speed, crossed into the northbound lane in an attempt to pass Grant on the left. Cittadino alleged that he was driving in the left southbound lane through a green light at the intersection when Grant suddenly attempted to make a left turn or u-turn from the right southbound lane.

Contrary to the plaintiff's contention, the jury's findings that both Grant and Cittadino were negligent but that Cittadino's negligence was not a proximate cause of the accident were not

"factually inconsistent and logically impossible" since Cittadino's negligence was not "inextricably interwoven" with a finding of proximate cause (*Martin v Clark*, 47 AD3d 981, 983 [2008]; *Ahr v Karolewski*, 32 AD3d 805, 806 [2006]). In addition, because the jury could have credited Cittadino's testimony that Grant must have made a sudden left turn from the right lane, the verdict was not contrary to the weight of the evidence (*see Griffin v Pennoyer*, 49 AD3d 341, 342 [2008]; *Saggio v Ladone*, 21 AD3d 407 [2005]; *Nazario v Stalica*, 272 AD2d 903 [2000]; *Nicastro v Park*, 113 AD2d 129 [1985]). Mastro, J.P., Balkin, Dickerson and Belen, JJ., concur.