SUSAN RUBINO, Appellant, v GEORGE SCHERRER, Respondent. [892 NYS2d 458]—

The plaintiff alleged that she was injured when she was struck

by the defendant's vehicle as she was jogging along a roadway in West Hampton Beach. After a trial on the issue of liability, the jury found that the defendant was negligent, but that his negligence was not a substantial factor in the happening of the accident. Judgment was entered in favor of the defendant dismissing the complaint. We affirm.

Contrary to the plaintiff's contention, the Supreme Court did not err in refusing to direct a verdict in favor of the plaintiff and award her judgment as a matter of law at the close of evidence. In order to direct a verdict, the court must view the evidence in the light most favorable to the defendant and conclude that "there is no rational process by which the fact trier could base a finding in favor of the [defendant]" (*Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]; *see Pecora v Lawrence,* 28 AD3d 1136, 1137 [2006]). Here, given the defendant's testimony that the accident occurred because the plaintiff abruptly ran out in front of his car, there was clearly a rational process by which the jury could find for the defendant. Moreover, to the extent that this factual issue was to be resolved based upon a credibility determination, it was properly left to the province of the jury.

Similarly, the court did not err in denying the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict on the issue of liability and for a new trial or, in the alternative, for judgment as a matter of law. "A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (*Jones v Radeker,* 32 AD3d 494, 495 [2006]; *see Cohen v Hallmark Cards,* 45 NY2d 493 [1978]; *Yau v New York City Tr. Auth.,* 10 AD3d 654 [2004]; *McDonagh v Victoria's Secret, Inc.,* 9 AD3d 395 [2004]). "A jury's finding that a party was at fault but that such fault was not a proximate cause of the [plaintiff's injuries] is inconsistent and against the weight of the evidence *only* when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Garrett v Manaser,* 8 AD3d 616, 617 [2004] [emphasis added]; *see Schaefer v Guddemi,* 182 AD2d 808, 809 [1992]). Further, "[a] contention that a verdict is inconsistent and irreconcilable must be reviewed in the context of the court's charge, and where it can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Rivera v MTA Long Is. Bus,* 45 AD3d 557, 558 [2007]).

Here, the jury verdict was neither contrary to the weight of the evidence nor inconsistent. Pursuant to the trial court's charge regarding the broad duties and general obligations of a

driver and a pedestrian, including the applicable provisions of the Vehicle and Traffic Law, it was reasonable for the jury to find that the defendant was negligent in the operation of his vehicle (*see* Vehicle and Traffic Law §§ 1120, 1146). However, it was also reasonable for the jury to conclude that such negligence was not a proximate cause of the accident (*see Price v Grant,* 60 AD3d 746 [2009]; *Burghardt v Cmaylo,* 40 AD3d 568 [2007]; *Abre v Sherman,* 36 AD3d 725 [2007]; *Loder v Greco,* 5 AD3d 978 [2004]; *Rubin v Pecoraro,* 141 AD2d 525 [1988]). Given the testimony that the plaintiff "cut across" the front of the defendant's moving vehicle, the defendant is entitled to the presumption that the jury adopted the view that the plaintiff's conduct was the sole proximate cause of the accident (*see* Vehicle and Traffic Law §§ 1152, 1156 [b]; *Rubin v Pecoraro,* 141 AD2d at 527).

The verdict on the issue of liability was also supported by legally sufficient evidence since, on the basis of the evidence presented at trial, there was a valid line of reasoning by which the jury could conclude that the defendant was negligent but that his negligence was not the proximate cause of the plaintiff's injuries (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.