■ IRINA DOUBROVINSKAYA, Respondent, v NAFTALI Z. DEMBITZER, Appellant. [908 NYS2d 590]—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Battaglia, J.), dated May 28, 2008, which granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside a jury verdict in the defendant's favor on

the issue of liability as contrary to the weight of the evidence, and for a new trial.

Ordered that the appeal is dismissed, without costs or disbursements.

The appeal must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see Doubrovinskaya v Dembitzer*, 77 AD3d 609 [2010] [decided herewith]; CPLR 5501 [a] [1]). Skelos, J.P., Angiolillo, Hall and Lott, JJ., concur.

---

By order to show cause dated July 14, 2009, inter alia, the parties were directed to show cause before this Court why the appeal from an order of the Supreme Court, Kings County, dated May 28, 2008, should or should not be dismissed on the ground that it has been rendered academic by a judgment of the same court entered December 5, 2008, and the right of direct appeal from the order terminated with entry of the judgment. By decision and order on this Court's own motion dated January 19, 2010, that branch of the motion which was to dismiss the appeal from the order dated May 28, 2008, was referred to the panel of Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which was to dismiss the appeal from the order dated May 28, 2008, is denied as academic in light of our determination of the appeal. Skelos, J.P., Angiolillo, Hall and Lott, JJ., concur. **[Prior Case History: 20 Misc 3d 440.]**