■ IRINA DOUBROVINSKAYA, Respondent, v NAFTALI Z. DEMBITZER, Appellant. [908 NYS2d 730]—

In an action to recover damages for personal injuries, the defendant appeals from (1) a judgment of the Supreme Court, Kings County, entered December 5, 2008, pursuant to CPLR 5003-a, which, upon an order of the same court (Battaglia, J.), dated May 28, 2008, granting the plaintiff's motion pursuant to CPLR 4404 (a) to set aside a jury verdict in the defendant's favor on the issue of liability as contrary to the weight of the ev-

idence, and for a new trial, upon a subsequent jury verdict on the issue of liability finding the defendant 60% at fault and the plaintiff 40% at fault in the happening of the accident, and upon a "high-low" agreement, is in favor of the plaintiff and against him in the principal sum of $100,000 in accordance with the "high-low" agreement, and (2) an order of the same court (Bayne, J.), dated December 2, 2009, which, inter alia, denied his motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability finding him 60% at fault and the plaintiff 40% at fault in the happening of the accident as contrary to the weight of the evidence, and for a new trial.

Ordered that the judgment is reversed, on the facts, the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict in the defendant's favor on the issue of liability as contrary to the weight of the evidence, and for a new trial is denied, the jury verdict in the defendant's favor is reinstated, the order dated May 28, 2008, is modified accordingly, the order dated December 2, 2009, is vacated, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate judgment in accordance with the "high-low" agreement; and it is further,

Ordered that the appeal from the order dated December 2, 2009, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the defendant.

Contrary to the defendant's contention, the Supreme Court did not err in considering the merits of the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict in the defendant's favor on the issue of liability. The parties' "high-low" agreement neither expressly prohibited the plaintiff from making a postverdict motion nor governed the issue of liability (*see Batista v Elite Ambulette Serv.*, 281 AD2d 196, 197 [2001]; *see also Grochowski v Fudella*, 70 AD3d 1407, 1408 [2010]; *White v Winter*, 28 AD3d 1148, 1149 [2006]; *Cunha v Shapiro*, 42 AD3d 95, 98 [2007]).

However, the Supreme Court erred in granting the plaintiff's motion. A fair interpretation of the evidence supports the conclusion that the sole proximate cause of the accident was the plaintiff's failure to signal her intended movement or to ascertain whether the desired lane change could be made with safety (*see Ward v Watson*, 72 AD3d 808, 809 [2010]; *Rubino v Scherrer*, 68 AD3d 1090, 1092 [2009]; *Price v Grant*, 60 AD3d 746, 747 [2009]; *Aprea v Franco*, 292 AD2d 478, 479 [2002]; *Rubin v Pecoraro*, 141 AD2d 525, 527 [1988]; *see also Gerrity v Muthana*, 7 NY3d 834, 835 [2006]; *Sheehan v City of New York*, 40 NY2d 496, 503 [1976]; *Gerdvil v Tarnowski*, 43 AD3d 995,

996 [2007]; *Palma v Sherman*, 55 AD3d 891, 892 [2008]). Accordingly, the jury verdict in the defendant's favor on the issue of liability should not have been set aside.

In light of the foregoing, the parties' remaining contentions have been rendered academic or are without merit. Skelos, J.P., Angiolillo, Hall and Lott, JJ., concur.