JOSEPH CLARKE et al., Appellants, v THOMAS CONDON, JR., et al., Respondents. [933 NYS2d 891]—

This action arises from an automobile accident that occurred in March 2006. After a trial, the jury rendered a verdict in favor of the defendants.

The Supreme Court did not err in denying the plaintiffs' ap-

plications pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law or for a new trial. To grant a motion for judgment as a matter of law, the trial court must view the evidence in the light most favorable to the nonmovant and conclude that there is "no rational process by which the fact trier could base a finding in favor of the" nonmovant (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Here, a rational interpretation of the evidence supported the jury verdict, which found that the defendant driver was not negligent (*see Rubino v Scherrer*, 68 AD3d 1090, 1091 [2009]; *Bagnato v Romano*, 179 AD2d 713, 714 [1992]), and that he exercised reasonable care in an effort to comply with the Vehicle and Traffic Law, thereby excusing his violation of the statute (*see Schager v Lino Bordi, Inc.*, 2 AD3d 828 [2003]; *Espinal v Sureau*, 262 AD2d 523, 524 [1999]).

Further, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d 129, 134 [1985]). Here, the verdict was not contrary to the weight of the evidence (*see Asaro v Micali*, 292 AD2d 552 [2002]; *see also Rubino v Scherrer*, 68 AD3d at 1091-1092).

The plaintiffs' remaining contentions are either not properly before this Court or without merit. Dillon, J.P., Angiolillo, Florio and Dickerson, JJ., concur.