■ Rose Vittiglio, Appellant-Respondent, v Rocco Gaurino et al., Appellants, and Gina DeMarco, Respondent. [954 NYS2d 473]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Strauss, J.), dated October 11, 2011, as denied her motion pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability finding the defendants Rocco Gaurino and Daniel Gaurino 100% at fault and the defendant Gina DeMarco 0% at fault and for judgment as a matter of law against all defendants, or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial on the issue of liability, and the defendants Rocco Gaurino and Daniel Gaurino separately appeal from so much of the same order as denied their separate motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law, or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial on the issue of liability.

Ordered that the order is affirmed, with one bill of costs payable to the defendant Gina DeMarco by the plaintiff and the defendants Rocco Gaurino and Daniel Gaurino, appealing separately and filing separate briefs.

A motion pursuant to CPLR 4404 (a) to set aside a jury verdict

and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Linson v City of New York*, 98 AD3d 1002 [2012]). Additionally, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 745-746 [1995]; *Nicastro v Park*, 113 AD2d 129, 130 [1985]).

Applying these principles here, there was a valid line of reasoning and permissible inferences by which the jury could have rationally concluded that the defendant Gina DeMarco was not negligent in the operation of her vehicle, and that the defendants Rocco Gaurino and Daniel Gaurino were 100% at fault for the subject accident (*see Rahman v Smith*, 40 AD3d 613 [2007]; *see generally Cohen v Hallmark Cards*, 45 NY2d 493 [1978]). Moreover, upon our review of the record, we find that the verdict was based upon a fair interpretation of the evidence presented to the jury and, thus, was not contrary to the weight of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Sydnor v Home Depot U.S.A., Inc.*, 74 AD3d 1185, 1187-1188 [2010]).

The parties' remaining contentions are either without merit or not properly before this Court. Mastro, J.P., Skelos, Florio and Dickerson, JJ., concur.