In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Spinner, J.), entered April 2, 2012, which denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant and for judgment as a matter of law or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial on the issue of liability.
Ordered that the order is affirmed, with costs.
The plaintiff Trevor Wilson (hereinafter the injured plaintiff) alleged that he was injured while a passenger in a vehicle, which was driven by his coworker David Ford and owned by their employer, when it was involved in a motor vehicle accident with a vehicle driven by the defendant on Court Street, at its intersection with Osborn Avenue, in Riverhead. Ford and the injured plaintiff were on their way to the Supreme Court, Suffolk County, to testify in an unrelated matter, and had gotten lost in Riverhead.
During the trial on the issue of liability, Ford testified that, as he was looking for the courthouse, he saw it over his left shoulder and, upon recognizing that he had inadvertently passed by it, intended to go around the block to return to it. He stated that, as he looked over his left shoulder, his vehicle veered to the right four to five feet near the subject intersection before he suddenly, without activating his left turn signal, made a left *701 turn towards Osborn Avenue, and thereafter came into contact with the vehicle driven by the defendant.
The injured plaintiff testified at trial that Ford made a sudden left turn at the subject intersection, without signaling, after Ford’s vehicle veered to the right as it approached Osborn Avenue. The defendant testified that she observed the right-turn signal activated on Ford’s vehicle as it neared the subject intersection, and that it made a right turn onto Osborn Avenue, at which point she lost sight of it. She then stated that, as she was passing through the intersection, the front of Ford’s vehicle struck the right side of her vehicle.
The jury found that the defendant was negligent, but that her negligence was not a substantial factor in the happening of the accident. The plaintiffs moved pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law, or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial on the issue of liability. The trial court denied the motion.
“A motion pursuant to CPLR 4404 (a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial” (Vittiglio v Gaurino, 100 AD3d 987, 987-988 [2012]; see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). “In considering such a motion, ‘the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant’ ” (Hand v Field, 15 AD3d 542, 543 [2005], quoting Szczerbiak v Pilot, 90 NY2d 553, 556 [1997]; see Leonard v New York City Tr. Auth., 90 AD3d 858, 859 [2011]).
Here, the trial court properly determined that the verdict on the issue of liability was supported by legally sufficient evidence since, on the basis of the evidence presented at trial, there was a valid line of reasoning by which the jury could conclude that the defendant was negligent but that her negligence was not the proximate cause of the accident (see Cohen v Hallmark Cards, 45 NY2d at 499; Rubino v Scherrer, 68 AD3d 1090, 1092 [2009]).
Moreover, “a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence” (Vittiglio v Gaurino, 100 AD3d at 988; see Lolik v Big V Supermarkets, 86 NY2d 744, 745-746 [1995]; Nicastro v Park, 113 *702 AD2d 129, 130 [1985]). “A jury’s finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause” (Garrett v Manaser, 8 AD3d 616, 617 [2004]; see Schaefer v Guddemi, 182 AD2d 808, 809 [1992]). Moreover, “[a] contention that a verdict is inconsistent and irreconcilable must be reviewed in the context of the court’s charge, and where it can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view” (Rivera v MTA Long Is. Bus, 45 AD3d 557, 558 [2007]).
Here, the jury verdict was neither contrary to the weight of the evidence nor inconsistent. Pursuant to the trial court’s charge regarding the general duties and obligations of a driver, including the applicable provisions of the Vehicle and Traffic Law, it was reasonable for the jury to find that the defendant was negligent in the operation of her vehicle. However, it was also reasonable for the jury to conclude that such negligence was not a proximate cause of the accident (see Ward v Watson, 72 AD3d 808, 809 [2010]; Rubino v Scherrer, 68 AD3d 1090, 1092 [2009]; Price v Grant, 60 AD3d 746, 747 [2009]; Rubin v Pecoraro, 141 AD2d 525, 527 [1988]; see also Doubrovinskaya v Dembitzer, 77 AD3d 609, 610 [2010]). Given the testimony that Ford, without signaling, suddenly made a left turn into the defendant’s vehicle, after Ford’s vehicle had veered to the right four to five feet, the defendant is entitled to the presumption that the jury adopted the view that Ford’s conduct was the sole proximate cause of the accident (see Vehicle and Traffic Law § 1163; Rubino v Scherrer, 68 AD3d at 1092; Price v Grant, 60 AD3d at 747; cf. Doubrovinskaya v Dembitzer, 11 AD3d at 610). Dillon, J.P., Angiolillo, Austin and Hinds-Radix, JJ., concur.