■ GUAN TOU MARKET, INC., Respondent-Appellant, v 373 WYTHE AVENUE REALTY, INC., Also Known as 373 WYTHE REALTY, INC., Appellant-Respondent. [975 NYS2d 111]—

In an action, inter alia, to recover damages for breach of contract, (1) the defendant appeals, and the plaintiff cross-appeals, from a judgment of the Supreme Court, Kings County (Partnow, J.), entered July 28, 2011, and (2) the defendant appeals from an amended judgment of the same court entered July 13, 2012, which, upon a jury verdict, and upon an order of the same court dated December 13, 2011, denying its motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law or, alternatively, to set aside the verdict as contrary to the weight of the evidence, is in favor of the plaintiff and against it in the principal sum of $200,000, and dismissed the defendant's counterclaims.

Ordered that the appeal and the cross appeal from the judgment entered July 28, 2011, are dismissed, without costs or disbursements, as that judgment was superseded by the amended judgment entered July 13, 2012, and, in any event, the cross appeal from the judgment entered July 28, 2011, has been abandoned; and it is further,

Ordered that the amended judgment is modified, on the law and the facts, by reducing the principal sum awarded to the plaintiff from $200,000 to $138,500; as so modified, the amended judgment is affirmed, without costs or disbursements, the judgment is vacated, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended

judgment in favor of the plaintiff and against the defendant in the principal sum of $138,500.

In 2001 the parties entered into a 10-year commercial lease pursuant to which the plaintiff, as tenant, leased premises owned by the defendant. In August 2006 the parties entered into a written stipulation of settlement (hereinafter the stipulation) whereby the plaintiff agreed to surrender its remaining leasehold interest in the premises in exchange for the payment of $125,000 in "buy-out funds," plus the return of its $13,500 security deposit. The plaintiff vacated the premises by the end of August 2006, providing 14 days' written notice to the defendant of its intention to do so, as required under the stipulation.

In March 2007 the plaintiff commenced this action alleging, inter alia, that the defendant had breached the stipulation by failing to pay it any of the buy-out funds or return the security deposit. After trial, the jury returned a verdict in favor of the plaintiff, finding that the defendant had breached the stipulation. Thereafter, the defendant moved pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law, or alternatively, to set aside the verdict as contrary to the weight of the evidence, inter alia, on the ground that it never became obligated to make the payments under the stipulation, since the plaintiff failed to surrender the premises in "broom clean" condition as required under the terms of the stipulation. The Supreme Court denied the defendant's motion, and an amended judgment was entered in favor of the plaintiff and against the defendant in the principal sum of $200,000, and dismissing the defendant's counterclaims.

"A motion pursuant to CPLR 4404 (a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial" (*Vittiglio v Gaurino*, 100 AD3d 987, 987-988 [2012]; *see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Wilson v Philie*, 107 AD3d 700, 701 [2013]). Moreover, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 745-746 [1995]; *Vittiglio v Gaurino*, 100 AD3d at 988; *Nicastro v Park*, 113 AD2d 129 [1985]).

Here, contrary to the defendant's contention, there was a valid line of reasoning and permissible inferences by which the jury could have rationally concluded that the plaintiff substantially complied with its obligation to vacate the premises in

"broom clean" condition, and that the defendant breached the parties' stipulation by failing to pay the $125,000 in buy-out funds and return the plaintiff's security deposit in the sum of $13,500 (*see Cohen v Hallmark Cards*, 45 NY2d at 499; *cf. 1029 Sixth v Riniv Corp.*, 9 AD3d 142 [2004]). Moreover, upon our review of the record, we find that the verdict finding that the defendant breached the parties' stipulation was based upon a fair interpretation of the evidence presented to the jury and, thus, was not contrary to the weight of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d at 744; *Vittiglio v Gaurino*, 100 AD3d at 988).

However, the plaintiff's proof was insufficient to establish that it additionally sustained actual damages in the principal sum of $61,500. Therefore, we modify the amended judgment by reducing the principal sum awarded to the plaintiff from $200,000 to $138,500.

The defendant's remaining contentions are without merit. Mastro, J.P., Skelos, Balkin and Roman, JJ., concur.