Nieves v 8 Ave. Furniture, Inc. (2019 NY Slip Op 02105)





Nieves v 8 Ave. Furniture, Inc.


2019 NY Slip Op 02105


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX, JJ.


2018-06410
 (Index No. 24506/12)

[*1]Evelyn Nieves, respondent, 
v
8 Avenue Furniture, Inc., appellant, et al., defendant.


Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman and Merril S. Biscone of counsel), for appellant.
Cherny & Podolsky PLLC, Brooklyn, NY (Biana L. Mashevich, Steven V. Podolsky and Kenneth V. Madden of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant 8 Avenue Furniture, Inc., appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated April 16, 2018. The order granted that branch of the plaintiff's motion pursuant to CPLR 4404(a) which was to set aside a jury verdict in favor of the defendant 8 Avenue Furniture, Inc., on the issue of liability as contrary to the weight of the evidence and for a new trial.
ORDERED that the order is affirmed, with costs.
On January 4, 2012, at about 4:00 P.M., the plaintiff was crossing 5th Avenue in Brooklyn when she allegedly was struck by a white van owned by the defendant 8 Avenue Furniture, Inc. (hereinafter the defendant). The plaintiff commenced this action against the defendant and the unindentified driver. At a trial on the issue of liability against the defendant only, the plaintiff testified that she waited for the signal governing traffic along 5th Avenue to turn red before proceeding across the road. The plaintiff further testified that she observed a white van coming down 5th Avenue toward the intersection, but thought that the van was going to stop at the red traffic signal. Instead, the van went through the intersection, struck the plaintiff's left side, then left the scene without stopping. The defendant's case consisted of denying any knowledge of, or involvement in, the accident, and insisting that the plaintiff had identified the wrong van. The jury returned a verdict finding that the defendant's van was the one involved in the accident, that the defendant was negligent, but that the defendant's negligence was not a substantial factor in causing the accident.
Before the jury was released, the plaintiff timely moved to set aside the verdict, among other things, as contrary to the weight of the evidence. The Supreme Court discharged the jury, without prejudice to the plaintiff raising the same arguments in a posttrial motion. The plaintiff thereafter moved pursuant to CPLR 4404(a) to set aside the verdict as against the weight of the evidence and for a new trial. The Supreme Court granted the motion. The defendant appeals.
A jury finding that a party was negligent but that the negligence was not a proximate cause of the accident is contrary to the weight of the evidence "only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (Levens v Dill, 164 AD3d 774, 776; see McKenzie v Southside Hosp., 163 AD3d 952, 953).
Here, the defendant made no attempt to present a nonnegligent explanation for the accident; instead, it contended only that the plaintiff misidentified the van that struck her. The jury, having rejected the defendant's theory and found not only that the defendant's van was involved in the accident but also that the driver of the van was negligent in its operation, lacked a sufficient factual basis upon which to conclude that the defendant's negligence was not a substantial factor in causing the accident (compare Alli v Lucas, 72 AD3d 994, Powell v Tuyn, 306 AD2d 335, and Panariello v Ballinger, 248 AD2d 452, with Rubino v Scherrer, 68 AD3d 1090, Campbell v Crimi, 267 AD2d 343, and Rubin v Pecoraro, 141 AD2d 525).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion pursuant to CPLR 4404(a) which was to set aside the verdict as contrary to the weight of the evidence and for a new trial.
BALKIN, J.P., CHAMBERS, ROMAN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court