Cordice v New York City Tr. Auth. (2019 NY Slip Op 02672)





Cordice v New York City Tr. Auth.


2019 NY Slip Op 02672


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-08901
 (Index Nos. 5080/11, 13576/11)

[*1]Javon Cordice, appellant, 
v
New York City Transit Authority, et al., respondents, et al., defendants. (Action No. 1)
Carlos A. Roberts, Jr., appellant,
v
New York City Transit Authority, et al., respondents, et al., defendant. (Action No. 2)


Avanzino & Moreno, P.C., Brooklyn, NY (Richard Russo of counsel), for appellant in Action No. 1.
William Schwitzer & Associates, P.C., New York, NY (Howard R. Cohen of counsel), for appellant in Action No. 2.
Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondents in Action Nos. 1 and 2.



DECISION & ORDER
In two related actions to recover damages for personal injuries, which were joined for trial, the plaintiff in Action No. 1 and the plaintiff in Action No. 2 separately appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated July 19, 2016. The order, upon reargument, vacated the grant of the separate motions of the plaintiffs in Actions Nos. 1 and 2 pursuant to CPLR 4404(a) to set aside, as inconsistent and contrary to the weight of the evidence, so much of the jury verdict on the issue of liability as found that the defendants New York City Transit Authority and Orlando J. Davy were negligent but that their negligence was not a substantial factor in the happening of the accident, and thereupon denied the plaintiffs' motions.
ORDERED that the order is affirmed, with one bill of costs.
Javon Cordice was a passenger in a motor vehicle being operated by Carlos A. Roberts, Jr., when it collided with a bus that was being operated by Orlando J. Davy and that was owned by the New York City Transit Authority. Cordice commenced Action No. 1 against, among others, Roberts, as well as Davy and the New York City Transit Authority (hereinafter together the NYCTA defendants), to recover damages for personal injuries that he allegedly sustained as a result of the collision. Roberts commenced Action No. 2 against, among others, the NYCTA defendants to recover damages for personal injuries that he allegedly sustained as a result of the collision.
According to Davy's trial testimony, he stopped the bus at a red light in the right-hand lane of Caton Avenue where it merged with Linden Boulevard, and while the bus was stopped, he [*2]saw the vehicle that was being driven by Roberts come from behind the bus and travel along the right side of the bus. Davy further testified that when the traffic light turned to green, Davy waited for the cars that were in front of the bus to move forward, and after he lifted his foot off of the brake, the vehicle being driven by Roberts cut in front of the bus. The bus and the vehicle collided. Davy testified, in effect, that he did not look to the right of the bus before he removed his foot from the brake, and that he did not see the vehicle being driven by Roberts move in front of the bus before the collision occurred. Roberts testified at trial that he stopped the vehicle that he was driving at a red light in the right-hand lane on Caton Avenue near where it merged with Linden Boulevard, and that the bus was stopped in the left lane on Linden Boulevard. Roberts further testified that while his vehicle was stopped, the front right bumper of the bus struck his vehicle on the left side rear quarter panel. Cordice testified that there were two lanes on Linden Boulevard, that the left lane was for left turns only and that the right lane was for right turns and for traveling straight. He further testified that Roberts was driving in the right-hand lane, that Roberts stopped the vehicle that he was driving at the red light, and that the bus hit the vehicle that Roberts was driving from the left side.
After a joint trial on the issue of liability, the jury returned a verdict finding that although the NYCTA defendants were negligent, such negligence was not a substantial factor in the happening of the accident. The jury further determined that Roberts was negligent in the operation of the vehicle that he was driving, and that his negligence was a substantial factor in the happening the accident. Before the jury was discharged, Cordice and Roberts (hereinafter together the plaintiffs) separately moved pursuant to CPLR 4404(a) to set aside so much of the verdict as found that the NYCTA defendants were negligent but that their negligence was not a substantial factor in the happening of the accident, as inconsistent and contrary to the weight of the evidence, and for a new trial. The Supreme Court granted the motions. Thereafter, the NYCTA defendants moved, in effect, for leave to reargue their opposition to the plaintiffs' motions. The Supreme Court granted the NYCTA defendants' motion and, upon reargument, vacated the court's prior determination, and thereupon denied the plaintiffs' motions. The plaintiffs separately appeal.
"[A] jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (Sokolik v Pateman, 114 AD3d 839, 840; see Lolik v Big V Supermarkets, 86 NY2d 744, 746). "Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (Sokolik v Pateman, 114 AD3d at 840-841; see Cohen v Hallmark Cards, 45 NY2d 493, 499). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Lopreiato v Scotti, 101 AD3d 829, 830 [internal quotation marks omitted]; see Verizon N.Y., Inc. v Orange & Rockland Utils., Inc., 100 AD3d 983). "A jury finding that a party was negligent but that the negligence was not a proximate cause of the accident is inconsistent and [contrary to] the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause'" (Zhagui v Gilbo, 63 AD3d 919, 919, quoting Rubin v Pecoraro, 141 AD2d 525, 527).
Here, the issues of negligence and proximate cause were not inextricably interwoven, and the jury's determination that the NYCTA defendants' negligence was not a proximate cause of the accident was not contrary to the weight of the evidence (see Gibson v Singh Towing, Inc., 155 AD3d 614, 616; Ward v Watson, 72 AD3d 808; Rubino v Scherrer, 68 AD3d 1090, 1092; De La Cruz v New York City Tr. Auth., 48 AD3d 508, 509). It was reasonable for the jury to find, among other things, that while Davy was negligent in removing his foot from the brake without determining that it was reasonably safe to do so, his actions were not a proximate cause of the accident. Given the testimony that Roberts tried to cut in front of the bus from the right side, the defendants are entitled to the presumption that the jury adopted the view that Roberts' conduct was the sole proximate cause of the accident (see Wilson v Philie, 107 AD3d 700, 702).
The plaintiffs' remaining contentions are either without merit or improperly raised for the first time in a reply brief.
Accordingly, we agree with the Supreme Court's determination, upon reargument, denying the plaintiffs' separate motions to set aside, as inconsistent and contrary to the weight of the evidence, so much of the jury verdict as found that the NYCTA defendants were negligent but that their negligence was not a substantial factor in the happening of the accident.
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court