Salamone v Ginsberg's Inst. Foods, Inc. (2023 NY Slip Op 02571)

Salamone v Ginsberg's Inst. Foods, Inc.

2023 NY Slip Op 02571

Decided on May 11, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 11, 2023

535301
[*1]Eric F. Salamone, Appellant,
v
Ginsberg's Institutional Foods, Inc., et al., Respondents.

Calendar Date:March 27, 2023

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Mainetti & Mainetti PC, Kingston (John T. Casey Jr., Troy, of counsel), for appellant.
Hodgson Russ LLP, Albany (Christian J. Soller of counsel), for respondents.

Aarons, J.
Appeal from an order of the Supreme Court (Richard Mott, J.), entered April 12, 2021 in Ulster County, which denied plaintiff's motion to set aside a verdict in favor of defendants.
Plaintiff commenced this negligence action for alleged personal injuries sustained after the motor vehicle he was driving collided with a tractor trailer driven by defendant Antonio Martins (hereinafter defendant), who was employed by defendant Ginsberg's Institutional Foods, Inc. Following a jury trial, a jury found that defendant was not negligent. Plaintiff thereafter moved to set aside the verdict under CPLR 4404. Supreme Court denied the motion. Plaintiff appeals.
Defendant testified at trial that he was travelling north in the right lane and that he activated his right turn signal with the intention of entering the left lane in order to make a wide right turn into a parking lot so as to avoid a telephone pole on the corner. According to defendant, he slowed down while the tractor was in the left lane and checked his mirrors to make sure that no other vehicles were alongside the tractor trailer. Defendant did not see any vehicles and proceeded to make the wide right turn. As defendant turned, part of the trailer was in the left lane and the other part was in the right lane. During this maneuver, plaintiff's vehicle, which was approaching from behind defendant in the right lane, collided with the right side of the trailer.
A driver is negligent per se when he or she commits an unexcused violation of the Vehicle and Traffic Law (see Smith v State of New York, 121 AD3d 1358, 1359 [3d Dept 2014]; Baker v Joyal, 4 AD3d 596, 597 [3d Dept 2004], lv denied 2 NY3d 706 [2004]). As relevant here, "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety" (Vehicle and Traffic Law § 1128 [a]). In arguing that defendant violated Vehicle and Traffic Law § 1128 (a) and, therefore, was negligent per se, plaintiff relies on evidence that defendant never checked his mirrors and that the tractor trailer was completely in the left lane with the left turn signal engaged. This evidence, however, conflicted with defendant's testimony and merely raised a factual question for the jury's resolution of whether any noncompliance with Vehicle and Traffic Law § 1128 (a) by defendant was excusable (see Cook v Garrant, 27 AD3d 984, 986 [3d Dept 2006]; compare Pipinias v Ferreira, 155 AD3d 1073, 1074 [2d Dept 2017]). As such, on this record, it cannot be said that defendant was negligent per se as a matter of law.
Plaintiff also argues that the evidence so greatly preponderated in his favor that the jury could not have reached its verdict on any fair interpretation of the evidence. We disagree. As mentioned, the parties offered conflicting proof of the events leading to the collision, and great deference is given to the jury's interpretation of [*2]the evidence (see Wright v O'Leary, 201 AD3d 1280, 1283 [3d Dept 2022], appeal dismissed 38 NY3d 972 [2022]). Accordingly, the verdict will not be disturbed as being against the weight of the evidence (see Clarke v Condon, 90 AD3d 594, 595 [2d Dept 2011], lv denied 18 NY3d 809 [2012]; Devoe v Kaplan, 278 AD2d 734, 735 [3d Dept 2000]). Finally, contrary to the request on appeal by defendants, costs and fees against plaintiff under 22 NYCRR 130-1.1 are not warranted.
Clark, J.P., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.