Malecaj v West 70th Owners Corp. (2024 NY Slip Op 02280)

Malecaj v West 70th Owners Corp.

2024 NY Slip Op 02280

Decided on April 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 30, 2024

Before: Singh, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 307346/12 Appeal No. 2161 Case No. 2023-03206 

[*1]Besnik Malecaj, Appellant-Respondent,
v
West 70th Owners Corp., Respondent, New Order Construction Management, Inc., Respondent-Appellant.
West 70th Owners Corp., Third-Party Plaintiff-Respondent,
v
New Order Construction Management, Inc., Third-Party Defendant-Respondent- Appellant, Bronx Excavation Company, Inc., Third-Party Defendant-Respondent, Alan Slattery, et al., Third-Party Defendants.

Morgan Levine Dolan, P.C., New York (Glenn P. Dolan of counsel), for appellant-respondent.
Scott A. Korenbaum, New York for respondent-appellant.
Mauro Lilling Naparty, LLP, Woodbury (Glenn A. Kaminska of counsel), for Bronx Excavation Company, Inc., respondent.

Order, Supreme Court, Bronx County (Adrian Armstrong, J.), entered on or about January 11, 2023, which, to the extent appealed from as limited by the briefs, denied defendant/third-party defendant New Order Construction Management, Inc.'s motion pursuant to CPLR 4404(a) to set aside the verdict, and denied with leave to renew West 70th Owners Corp.'s motion for judgment as a matter of law on the third-party contractual indemnification claim against New Order, and denied plaintiff's motion to vacate Supreme Court's order dated July 14, 2022, unanimously modified, on the law, to grant New Order's CPLR 4404(a) motion insofar as it sought to have judgment entered in its favor on the common-law negligence and Labor Law § 200 claims, and otherwise affirmed, without costs. Appeal from so much of aforesaid order, which denied plaintiff's motion to reargue, unanimously dismissed, without costs, as nonappealable.
Plaintiff was injured when he fell from a plank while excavating a pool during the renovation of a townhouse in Manhattan. West 70th owned the property. West 70th hired New Order and third-party defendant Bronx Excavation Company Inc. (BCE).
Plaintiff commenced this action alleging common-law negligence and violations of Labor Law §§ 200, 240 (1), and 241 (6). A jury trial was held and during the trial, the trial court directed a verdict in plaintiff's favor on the Labor Law §§ 240(1) and 241(6) claims. The jury found that West 70th directed and controlled plaintiff's work on the day of the accident. The jury also found that New Order was the general contractor. The jury then found West 70th, New Order, and BEC liable on the common-law negligence and Labor Law § 200 claims. The jury awarded plaintiff pre-apportionment damages of $4,741,015 and apportioned fault 10% against West 70th, 50% against New Order, 40% against BCE, and 0% against plaintiff.
During jury deliberations, plaintiff and West 70th dictated into the record their agreement to a high-low settlement of $1.5 million high and $1 million low, which provided that "if the jury were to award a verdict against [West 70th] of anything from a defendants' verdict up to $1 million that [West 70th] would pay $1 million. . . . Should the jury award anything over $1.5 million against [West 70th, it] would only pay $1,500,000. . . . Should the jury award anything between 1,000,000 and 1,500,000 that is the amount that [West 70th] would pay."
The court properly determined that, in the absence of any language to the contrary, the apportionment of fault was factored into the high-low settlement. The parties' fault was a substantial component of West 70th's defense and an essential component of the jury verdict (see Batista v Elite Ambulette Serv., 281 AD2d 196, 197 [1st Dept 2001], lv denied 96 NY2d 721 [2001]).
The court should have set aside the portion of the verdict finding New Order liable on the common-law negligence and Labor Law § 200 claims (see Cahill v Triborough Bridge & Tunnel Auth[*2]., 31 AD3d 347, 350 [1st Dept 2006]). We reject plaintiff's argument that New Order's failure to include the complete trial transcript, precludes meaningful review as the relevant portions of the trial transcript are included in the record and the parties to the disputed issues submitted a joint record (see McPherson v City of New York, 122 AD3d 809, 810 [2d Dept 2014]). While there was conflicting testimony as to whether West 70th placed the plank for plaintiff to work on and instructed plaintiff to work on the plank, there was no evidence that New Order was involved or that it gave such instructions. Since plaintiff failed to show that New Order exercised direct supervision or control over the injury-producing work, the common-law negligence and Labor Law § 200 claims should have been dismissed. We note that this finding has no bearing on the retrial on the apportionment of fault.
We reject New Order's remaining arguments that it is entitled to a new trial because it was deprived of a fair trial. The court's evidentiary ruling excluding certain emails was, at most, harmless error since the emails postdated the accident, were cumulative of other emails admitted into evidence establishing that West 70th hired contractors and intended to act as a construction manager, and New Order's counsel was allowed to cross-examine West 70th on the emails without reading them into the record.
The court properly gave a missing document charge regarding the existence of a professional services agreement (PSA) between New Order and West 70th based on statements of work created by New Order which specifically referenced the PSA, West 70th's testimony that New Order had been storing the PSA at an office at the worksite, and New Order's contradictory testimony that the PSA never existed (see Martelly v New York City Health & Hosps. Corp., 276 AD2d 373, 373-374 [1st Dept 2000]).
We cannot review whether the court erred in failing to instruct the jury on the definition of a general contractor, as proposed by New Order, because the transcript of the charge conference was not included in the record on appeal (see Tesciuba v Cataldo, 189 AD2d 655, 655 [1st Dept 1993], lv dismissed 82 NY2d 846 [1993]).
Finally, New Order's contention that West 70th's motion for judgment as a matter of law on the contractual indemnification claim against it should have been denied without leave to renew because West 70th did not plead such a claim is
unpreserved, and we decline to reach it.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 30, 2024